IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| LEONARDO GARCIA VENEGAS, *Plaintiff*, v. TOM HOMAN, WHITE HOUSE BORDER CZAR, IN HIS OFFICIAL CAPACITY, ET AL., *Defendants*. | Case No. 1:25-cv-397-JB-N |

**PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR AN EXTENSION OF TIME**

Plaintiff Leonardo Garcia Venegas respectfully requests that the Court deny Defendants' motion to extend the briefing schedule by another 43 days. Alternatively, if this Court were to grant the extension, Leo asks that the Court temporarily enjoin the challenged policies while Defendants brief the pending motion for preliminary injunction. *See* 5 U.S.C. § 705.

1. Leo's motion for a preliminary injunction and supporting motions have already been pending since October 27. ECF 30–32. Defendants received paper service of these motions on November 3–4. ECF 36 (notice of service).[1] Pursuant to Civil Local Rule 7(c), Defendants' responses should have been due 14 days later, on November 18.

---

[1] Although a courtesy copy of the motions did not arrive at the White House until November 12, service on the United States was complete when effected on the Attorney General and U.S. Attorney for this District. *See* Justice Manual, Dep't of Justice § 5-5.124 (Service of Process).

1

2. Defendants' responses were delayed, however, because on November 3 they moved to stay their deadlines based on the government shutdown. ECF 33. The shutdown then ended while the parties were briefing Defendants' stay motion, and this Court set a briefing schedule that required Defendants to respond to Leo's pending motions by December 3. ECF 38.

3. Following this Court's order setting a briefing schedule, Defendants filed a motion seeking to delay their responsive briefing yet again, this time for 43 days. ECF 39. This 43-day extension is designed to track the *entire duration* of the government shutdown, even though Leo's motions were not pending for most of the shutdown and even though the current schedule already gives Defendants 21 days from the time Congress restored their appropriations.

4. As a professional courtesy based on defense counsel's pre-planned time off and the Thanksgiving holiday, Leo reluctantly agreed to another 8-day extension of Defendants' already extended response time.

5. If this Court were to grant Defendants any further extension, Leo respectfully asks that this Court convert his pending motion for preliminary injunction into a motion for a temporary restraining order to preserve the rights of Leo and the putative classes while Defendants take the time they request to brief the pending motions.[2] *See Solv*

---

[2] Alternatively, if the Court is concerned about considering the merits too hastily, the Court could exercise its discretion to grant an administrative stay instead. *See, e.g.*, *Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 13, 16–17 (D.D.C. 2025) (explaining that an administrative stay allows the court to protect a party's rights while it takes time to consider motion for emergency relief); *Texas v. DHS*, No. 6:24-CV-00306, 2024 WL 5454617, at *1 (E.D. Tex. Aug. 26, 2024), *modified*, 747 F. Supp. 3d 1005 (E.D. Tex. 2024) ("The authority for an administrative stay arises from the All Writs Act and a court's

*Wellness, Inc. v. Does 1-10*, 788 F. Supp. 3d 1252, 1257 (N.D. Ga. 2025) (granting a TRO pending a hearing on plaintiff's motion for preliminary injunction); *cf. United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986) (upholding the conversation of a TRO to a preliminary injunction because the two motions are functionally similar); *see also* 5 U.S.C. § 705 (authorizing the court to issue all necessary and appropriate relief to preserve a party's status or rights pending review).

6. As detailed in Leo's motions, the challenged policies pose an imminent risk of irreparable harm to Leo and thousands of other American citizens and legal residents who work in Alabama's construction industry. Every day that goes by without preliminary relief increases that risk. Given that the government has the funds and staffing to continue enforcing the challenged policies, it should be able to find the funds and staffing necessary to defend those policies in court.

7. Leo's motions have already been pending since October 27. Defendants' proposed delay would ensure that the harm those policies cause will continue well into the New Year.  Accordingly, Leo respectfully requests that this Court deny Defendants' motion or issue a temporary stay of the challenged policies to correspond with the delay.

---

inherent authority to manage its docket."); *Zheng v. Bondi*, No. 25-CV-15920 (MEF), 2025 WL 2808542, at *1 (D.N.J. Sept. 26, 2025) (collecting authority on a district court's power to grant an administrative stay).

Dated: November 20, 2025.  Respectfully submitted,

/s/ Jaba Tsitsuashvili
Jaba Tsitsuashvili (DC Bar No. 1601246)*
Jared McClain (DC Bar No. 1720062)*
Joshua Windham (NC Bar No. 51071)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jmcclain@ij.org
*Pro Hac Vice*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR AN EXTENSION OF TIME with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Jaba Tsitsuashvili
Jaba Tsitsuashvili (DC Bar No. 1601246)*