IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEONARDO GARCIA VENEGAS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**TOM HOMAN, et al.,**<br><br>    **Defendants.** | Civil Action No. 1:25-cv-00397-JB-N |

## THE UNITED STATES' PARTIAL MOTION TO
## DISMISS PLAINTIFF'S PLACEHOLDER FTCA CLAIMS
## [FED. R. CIV. P. 12(b)(1)]

The United States respectfully requests this Court dismiss Plaintiff, Leonardo Garcia Venegas' placeholder Federal Tort Claims Act (FTCA) claims, Counts V-VIII and X-XII [Doc. 1, PageID.70-78, 80-86 ¶¶374-421, 434-468], if any, as against the United States[1] in their entirety without prejudice, as follows:

### Introduction

This Court should dismiss Plaintiff's placeholder FTCA claims against the United States because Plaintiff filed this Complaint before he submitted administrative claims to any named agency. Since Plaintiff failed to exhaust his administrative remedies, the district court lacks subject matter jurisdiction. Therefore, this Court should dismiss his FTCA claims without prejudice. Fed. R. Civ. P. 12(b)(1).

---

[1] The Federal Employees Liability Reform and Tort Compensation Act (the Westfall Act) establishes that a suit against the United States is the exclusive remedy for claims brought under the FTCA. 28 U.S.C. § 2679(a) and (b)(1). The United States—not the official capacity agency heads—is the only proper named defendant in an FTCA action.

**Factual Background**

1.    On September 30, 2025, Plaintiff filed his Complaint. [Doc. 1, PageID.1-89].

2.    Count I alleges that all official capacity defendants violated Plaintiff's Fourth Amendment rights. [*Id.*, at PageID.55-60, ¶¶266-301].

3.    Count I alleges Fourth Amendment violations, subject to injunctive relief, by arguing that "DHS has adopted—and immigration officers are enforcing—three search-and-seizure policies for construction sites that exceed the agencies' and officers' constitutional, statutory, and regulatory authority." [*Id.*, at PageID.27, ¶154; and, PageID.57, ¶282].

4.    Count I identifies these alleged policies as the "Warrantless Entry," "Preemptive Detention," and "Continued Detention" policies and argues that the United States has authorized Federal Agents to take the following alleged actions:

    A.    "enter private construction sites without a warrant, consent, or exigency," [*Id.*, at PageID.57, ¶283];

    B.    "preemptively detain anyone who fits a demographic profile that DHS associates with undocumented immigrants without reasonable suspicion that the particular employers or workers on that site have violated immigration laws[,]" [*Id.*, at PageID.58, ¶289]; and,

    C.    "detain people suspected of being in the country unlawfully even after the person offers evidence of citizenship or legal status." [*Id.*, at PageID.59, ¶293].

5.    Plaintiff filed his Motion for Preliminary Injunction on Counts I, II, and IV of his Complaint. [Doc. 30-1, PageID.194-233].

6.    The Federal Defendants opposed Plaintiff's Motion for Preliminary Injunction and his Count I, Fourth Amendment Injunctive claims, Count II, Fourth Amendment

Administrative Procedure Act claims, and Count IV, Lawful Procedure Administrative Procedure Act claims. [Doc. 46, PageID.477-505].

7. Counts II, III, and IV challenge Department of Homeland Security (DHS) policies that allegedly violate the Administrative Procedure Act. [Doc. 1, PageID.60-70, ¶¶302-373].

8. Counts V-VIII seek relief against three individual capacity defendants[2] respectively for assault, battery, and false imprisonment related to the encounter that occurred on May 21, 2025 (the May encounter), under the Westfall Act and Alabama tort law. [*Id.*, at PageID.70-78, ¶¶374-421].

9. Count IX seeks damages against three individual capacity defendants related to the May encounter under *Bivens* and the Westfall Act, and does not include an attempted FTCA claim. [*Id.*, at PageID.78-80, ¶¶422-433].

10. Counts X-XII seek relief against two individual capacity defendants respectively for assault, false arrest and false imprisonment related to an alleged encounter that occurred on June 12, 2025 (the June encounter), under the Westfall Act and Alabama tort law. [*Id.*, at PageID.80-86, ¶¶434-468].

11. Count XIII seeks damages against two individual capacity defendants related to the June encounter under *Bivens* and the Westfall Act, and does not include an attempted FTCA claim. [*Id.*, at PageID.86-87, ¶¶469-479].

12. Plaintiffs Counts V-VIII and X-XII also attempt to assert placeholder FTCA claims against the United States for the May and June encounters. [*Id.*, at PageID.70-78, 80-86 ¶¶374-421, 434-468].

---

[2] As of January 23, these three individuals are represented by the United States Attorney's Office for the Southern District of Alabama. Undersigned has provided counsel for the Plaintiff with their names. However, to date, is not authorized to waive service per Fed. R. Civ. P. 4(i)(3).

13. Regarding his Count V, assault, FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count V] under the FTCA with the United States as a Defendant if his notice of claim is denied." [*Id.*, at PageID.70, n. 42]. The Complaint states: "[Plaintiff] has submitted claims under the FTCA to the agencies responsible for the torts committed on May 21, 2025. He includes this paragraph [385] as a placeholder for his FTCA claim [Count V] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id.*, at PageID.71, ¶385].

14. Regarding his Count VI, battery FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count VI] under the FTCA with the United States as a Defendant if his notice of claim is denied." [*Id.*, at PageID.72, n. 43]. The Complaint states: "[Plaintiff] submitted claims under the FTCA to the agencies responsible for the torts committed on May 21, 2025. He includes this paragraph [396] as a placeholder for his FTCA claim [Count VI] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id.*, at PageID.73, ¶396].

15. Regarding his Count VII, false arrest FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count VII] under the FTCA with the United States as a Defendant if his notice of claim is denied." [*Id.*, at PageID.74, n. 44]. The Complaint states: "[Plaintiff] submitted claims under the FTCA to the agencies responsible for the torts committed on May 21, 2025. He includes this paragraph [406] as a placeholder for his FTCA claim [Count VII] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id.*, at PageID.75, ¶406].

16. Regarding his Count VIII, false imprisonment FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count VIII] under the FTCA with the United

States as a Defendant if his notice of claim is denied." [*Id*., at PageID.76, n. 45]. The Complaint states: "[Plaintiff] submitted claims under the FTCA to the agencies responsible for the torts committed on May 21, 2025. He includes this paragraph [418] as a placeholder for his FTCA claim [Count VIII] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id*., at PageID.77, ¶418].

       17.     Regarding his Count X, assault FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count X] under the FTCA with the United States as a Defendant if his notice of claim is denied." [*Id*., at PageID.80, n. 46]. The Complaint states: "[Plaintiff] submitted claims under the FTCA to the agencies responsible for the torts committed on June 12, 2025. He includes this paragraph [443] as a placeholder for his FTCA claim [Count X] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id*., at PageID.81, ¶443].

       18.     Regarding his Count XI, false arrest FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count XI] under the FTCA with the United States as a Defendant if his notice of claim is denied." [*Id*., at PageID.82, n. 47]. The Complaint states: "[Plaintiff] submitted claims under the FTCA to the agencies responsible for the torts committed on June 12, 2025. He includes this paragraph [453] as a placeholder for his FTCA claim [Count XI] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id*., at PageID.83, ¶453].

       19.     Regarding his Count XII, false imprisonment FTCA allegations, Plaintiff states that he "plans to amend his complaint to bring [Count XII] under the FTCA with the United States as a Defendant if his notice of claim is denied." [*Id*., at PageID.84, n. 48]. The Complaint states: "[Plaintiff] submitted claims under the FTCA to the agencies responsible for the torts

committed on June 12, 2025. He includes this paragraph [465] as a placeholder for his FTCA claim [Count XII] for the torts and will amend his complaint in six months if his notice of claim is denied." [*Id.*, at PageID.85, ¶465].

20. The United States moves to dismiss these placeholder FTCA claims that Plaintiff asserts in Counts V-VIII and X-XII.

21. The Plaintiff's complaint does not state the exact dates that he "submitted claims under the FTCA" and does not state which federal agencies he has submitted administrative claims to.

22. On October 2, 2025, after filing the at-issue Complaint, Plaintiff submitted two administrative Claims for Damage, Injury or Death forms, commonly referred to as an SF-95, to the U.S. Immigration and Customs Enforcement (ICE) [Doc. 54-1, PageID.587-591], two administrative claims to ICE Homeland Security Investigations (HSI) [Doc. 54-2, PageID.592-596.], two administrative claims to ICE Enforcement and Removal Operations (ERO) [Doc. 54-3, PageID.597-601], and two administrative claims to the Department of Homeland Security (DHS) [Doc. 54-4, PageID.602-606]. Claimant signed and dated the SF-95s on September 30, 2025. The agencies logged receipt on October 2.[3]

23. On October 14, 2025, after filing the at-issue Complaint, Plaintiff submitted two administrative claims to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Plaintiff provided ATF with an SF-95 Form Submission Letter dated October 2 and SF-95s that were signed and dated September 30, 2025. [Doc. 54-5, PageID.607-613]. ATF logged receipt on October 14.

---

[3] The United States is not filing the attachments provided by Plaintiff to each agency along with his fourteen SF-95s.

24. On October 16, 2025, after filing the at-issue Complaint, Plaintiff submitted two administrative claims to U.S. Customs and Border Protection (CBP). Plaintiff provided CBP with an SF-95 Form Submission Letter dated October 2 attached to the SF-95s that were signed and dated September 30, 2025. [Doc. 54-6, PageID.614-619]. CBP logged receipt on October 16.

25. On October 16, 2025, after filing the at-issue Complaint, Plaintiff submitted two administrative claims to the Federal Bureau of Investigation (FBI). Plaintiff provided FBI with an SF-95 Form Submission Letter dated October 2 attached to the SF-95s that were signed and dated September 30, 2025. [Doc. 54-7, PageID.620-625]. FBI logged receipt on October 16.

26. The United States Marshals Service (the Marshals) has no record of having received any administrative claims from the Plaintiff. [Doc. 54-8, PageID.626-628].

27. Plaintiff's placeholder FTCA claims relate to the May and June encounters.

**Standard of Review**

This Court should dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Likewise, when Plaintiffs bring FTCA claims they "bear the burden of proving jurisdiction by a proper and timely presentment of an administrative tort claim." *Hernandez v. United States*, 771 F. Supp. 3d 1306, 1312 (S.D. Fla. 2025); *citing Motta ex rel. A.M. v. United States*, 717 F.3d 840, 844 (11th Cir. 2013) (quoting 28 C.F.R. § 14.2(a)).

If the Court lacks subject matter jurisdiction, the claim must be dismissed. Fed. R. Civ. P. 12(h)(3). An attack on jurisdiction may be either facial or factual in nature. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A facial attack requires the Court to consult the face of the complaint to determine whether it has alleged

an adequate basis for jurisdiction, and factual allegations in the complaint are treated as true. *Id.* In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id.*

Generally, a Court's consideration of documentation outside of the pleadings converts a motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, this Circuit has recognized that a district court—when ruling on a motion to dismiss—may consider outside documents that are central to the plaintiff's claim, and undisputedly authentic. *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute"); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)) (*per curiam*) (holding that the district court properly considered a right-to-sue letter attached to defendant's motion to dismiss because it was central to plaintiff's complaint and undisputed). This Motion to Dismiss relies on Plaintiff's Complaint and supporting extrinsic documentation, making the United States' 12(b)(1) request both facial and factual in nature.

## Argument

This Court does not have subject matter jurisdiction to hear Plaintiff's 28 U.S.C. §§ 2671–2680 Federal Tort Claim Act (FTCA) claims—Counts V-VIII & X-XII—or "placeholder" FTCA claims, if any. [Doc. 1, PageID.70-78, 80-86, ¶¶374-421, 434-468]. This is because Plaintiff submitted his FTCA administrative claims to the Defendant agencies after he filed his Complaint. Accordingly, this Court should dismiss Plaintiff's premature FTCA claims against the United States per Fed. R. Civ. P. 12(b)(1).

I.  **Plaintiff has failed to administratively exhaust his placeholder FTCA Claims.**

Plaintiff failed to submit his FTCA administrative claims until after he filed the instant lawsuit, making them ripe for dismissal. It is well-settled that the United States must waive sovereign immunity for a lawsuit to proceed against it. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (a plaintiff may not sue the United States without consent, and that consent is a prerequisite for jurisdiction); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (the federal government's express consent to be sued defines the court's jurisdiction over such lawsuits). The FTCA waives the United States' sovereign immunity in certain instances. 28 U.S.C. § 1346(b)(1). In other words, "[t]he FTCA is a specific, congressional exception to the general rule of sovereign immunity." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). "It allows the government to be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Suarez*, 22 F.3d at 1065. "Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." *Id*.

Here, despite Plaintiff's attempt to assert "placeholder" tort claims against the United States, pursuant to the FTCA, the United States has not waived its immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). This is because "[a] federal court does not have jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). "Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed.

9

28 U.S.C. § 2675(a)." *Id.* At all times, "Plaintiffs bear the burden of proving jurisdiction by a proper and timely presentment of an administrative tort claim." *Hernandez v. United States*, 771 F. Supp. 3d 1306, 1312 (S.D. Fla. 2025). This Court "lacks subject matter jurisdiction over prematurely filed suits." *Turner*, 514 F.3d at 1200.

The FTCA provides a "clear statutory command" requiring plaintiffs to exhaust their administrative remedies which cannot be cured by prematurely filing suit. *O'Brien v. United States*, 137 F. App'x 295, 301 (11th Cir. 2005). "Only those claims that are presented initially to the appropriate administrative agency are cognizable in a tort action against the United States." *Davis v. Marsh*, 807 F.2d 908 (11th Cir. 1987) (quoting 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680). To exhaust, a plaintiff must "first present[] the claim to the appropriate Federal agency" and wait for it to have "been finally denied by the agency in writing and sent by certified or registered mail[,] … or within six months after it is filed[.]" 28 U.S.C. § 2675(a); *see also Pinson v. United States*, No. 21-14032, 2022 WL 16707956, at *3 (11th Cir. Nov. 4, 2022); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) (unpublished) (*per curiam*) (*citing Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)). Plaintiff's placeholder claims are premature because, rather than submitting his administrative tort claims, waiting the required statutory time period, and then filing this litigation, Plaintiff skipped the administrative claims period altogether, filed this lawsuit, then submitted his administrative claims. *See Supra* ¶¶17-20 and supporting SF-95s.

This Court should dismiss Plaintiff's placeholder FTCA claims. When an FTCA plaintiff fails "to heed that clear statutory command" requiring administrative remedies are exhausted, courts dismiss the FTCA claims without prejudice. *See O'Brien v. United States*, 137 Fed. Appx. 295, *301-302 (11th Cir. 2005) (the district court properly dismissed *O'Brien's* FTCA complaint

for lack of subject matter jurisdiction because it was both premature, and not refiled within six months after the agency denied his administrative claim); *see also Cheves v. Department of Veteran Affairs*, 227 F. Supp. 2d 1237, 1247 (M.D. Fla. 2002) ("Plaintiffs may file a suit against the United States under the FTCA only after the federal agency has denied the claim"). Rather than go through the appropriate administrative process, Plaintiff attempts to rectify his failure to exhaust his administrative remedies by including "placeholders" for future FTCA claims in the Complaint.

These "placeholder" allegations are insufficient to withstand dismissal. *See, e.g., Randles v. United States*, No. CV 1:22-00405-KD-MU, 2023 WL 3606660, at n.4 (S.D. Ala. May 22, 2023) (citing, *e.g.*, *McNeil v. U.S.*, 508 U.S. 106 (1993) (when a suit is prematurely filed before the denial of an administrative claim, the complaint must be dismissed for failure to exhaust administrative remedies—even when a denial occurs shortly after a complaint is filed and before substantial progress had occurred in the federal action); *Davis v. United States*, 272 Fed. Appx. 863, 866 (11th Cir. 2008) (when a plaintiff filed an administrative FTCA claim on April 14, 2006 and a complaint in federal court on May 5, 2006 while his claim was still pending, because the agency had not finally denied his claim at the time the he filed his federal action, the district court did not err in dismissing the federal action for lack of subject matter jurisdiction, adding that dismissal was proper even though his claims were exhausted five (5) months after his federal action was filed); *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a)."). Accordingly, this Court should dismiss Plaintiff's FTCA claims, if any, against the United States in their entirety without prejudice.

## II. In the Alternative, FTCA claims against the individual Defendants should be dismissed.

The United States is the only properly named defendant in FTCA litigation. *See* 28 U.S.C. § 2679(a) and (b)(1) (the Federal Employees Liability Reform and Tort Compensation Act (the Westfall Act) (establishing that a suit against the United States is the exclusive remedy for claims brought under the FTCA).[4] Likewise, the FTCA, as amended by the Westfall Act, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. *See Omnipol, A.S. v. Multinational Def. Servs.*, LLC, 32 F.4th 1298 (11th Cir. 2022) (the Westfall Act, 28 U.S.C. § 2679(b)(1), accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in course of their official duties); *Bates v. U.S. Gov't*, 3 F. Supp. 3d 1311, 1318 (S.D. Ala. 2014) ("[b]ased on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction"). In other words, "the Westfall Act 'accords federal employees absolute immunity from common-law tort claims arising out of the acts they undertake in the course of their official duties.'" *Stallworth v. Hassan*, No. 08-0144-WS-B, 2008 WL 2940812, *1 (S.D. Ala. July 25, 2008) (quoting *Osborn v. Haley*, 549 U.S. 225, 229 (2007)). Plaintiff's Complaint mistakenly asserts FTCA and Westfall Act claims against individual defendants and federal agencies. Therefore, if Plaintiff's FTCA claims are not

---

[4] In contrast, the United States is not an appropriate named defendant if the Court finds that Plaintiff sufficiently asserts a civil action against the individual capacity federal employees in his Counts V-XIII. *See* 28 U.S.C. § 2679(b)(2).

12

dismissed on other grounds, the United States requests that this Court substitute the United States as the only properly named FTCA defendant.

## Conclusion

The United States respectfully seeks dismissal of Plaintiff's placeholder FTCA Claims in their entirety without prejudice.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: *s/Victoria O. Todd*
    Victoria O. Todd
    Assistant United States Attorney
    63 S. Royal Street, Suite 600
    Mobile, Alabama 36602

## CERTIFICATE OF SERVICE

I certify that, on January 29, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*s/Victoria O. Todd*
Victoria O. Todd
Assistant United States Attorney