# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEONARDO GARCIA VENEGAS**, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:25-cv-00397-JB |
| | ) | |
| v. | ) | |
| | ) | |
| **TOM HOMAN, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DECLARATION OF SEAN CARNEY
SUPERVISORY DEPUTY UNITED STATES MARSHAL,
SOUTHERN DISTRICT OF ALABAMA**

I, Sean Carney, make the following declaration in lieu of an affidavit, as permitted by Title 28, Section 1746, of the United States Code. I am aware that this declaration will be filed with the United States District Court for the Southern District of Alabama and that is it is the legal equivalent of a statement under oath.

1. I am a Supervisory Deputy United States Marshal (SDUSM) employed by the United States Marshals Service and assigned to the Southern District of Alabama (USMS SDAL). I report to Marc Howard, the Chief Deputy United States Marshal, and Mark F. Sloke, the United States Marshal.

2. I have reviewed the Plaintiff's Complaint in *Leonardo Garcia Venegas v. Tom Homan, et al.*, Case No. 1:25-cv-00397-JB, in the United States District Court, Southern District of Alabama. I have familiarized myself with the allegations in that Complaint that relate to: paragraphs 187-88 (concerning the "Gulf of America Homeland Security Task Force"); paragraphs 63-114 (the alleged immigration enforcement operation on May 21, 2025 in Foley,

Alabama); and paragraphs 116-152 (the alleged immigration enforcement operation on June 12, 2025 in Fairhope, Alabama).

3. Federal law authorizes the USMS to make arrests, investigate fugitive matters, and establish fugitive apprehension task forces that consist of federal, state, and local law enforcement resources for the purpose of locating and apprehending fugitives. *See* 18 U.S.C. § 3053; 28 U.S.C. § 566(d); and 34 U.S.C. § 41503(a).

4. I supervise all enforcement operations undertaken or involving any Deputy United States Marshal (DUSM), or other employee, assigned to the USMS SDAL. I supervise all DUSMs assigned to the USMS SDAL whose responsibilities involve the investigation and execution of federal arrest warrants issued by United States District Courts and involving federal fugitives who are believed to be in the Southern District of Alabama. Therefore, I am fully knowledgeable concerning all federal fugitive enforcement activities and operations of DUSMs and other employees of the USMS SDAL.

5. Currently — and at the time relevant to the Complaint in the above-entitled case — the USMS SDAL does not investigate or execute fugitive arrest warrants issued by State courts. State court-issued arrest warrants are investigated and executed by a separate USMS fugitive task force that is not under the supervision or control of the USMS SDAL.

6. The "Gulf of America Homeland Security Task Force" is not a fugitive apprehension task force established by the USMS under the statutory authorities described in paragraph 3 above. Rather, the reference to the "Gulf of America Homeland Security Task Force," as described in paragraphs 187-88 of the Complaint, is to an immigration enforcement task force that was established in 2025 by the United States Department of Homeland Security (DHS) concerning immigration enforcement operations within the Southern District of

Alabama. To my knowledge, this task force is not called the "Gulf of America Homeland Security Task Force." Instead, I understand it to be known as the "Homeland Security Task Force – Mobile." Hereafter, I will refer to the task force as the "HSTF-M." The HSTF-M has been overseen and directed by the DHS, including its agency, Homeland Security Investigations (HSI).

7. The USMS SDAL is a member of the HSTF-M. I am the USMS SDAL's primary point of contact within the Southern District of Alabama for the HSTF-M. At my direction, DUSMs under my supervision periodically participate in HSTF-M immigration enforcement operations, as further described below, within the Southern District of Alabama.

8. In paragraphs 156 through 157 of the Plaintiff's Complaint, Plaintiff identifies three policies: the Warrantless Entry Policy; the Preemptive Detention Policy; and the Continued Detention Policy. These three policies are discussed in other parts of the Complaint. These alleged three policies do not exist in any form within the USMS or within the USMS SDAL. The DUSMs under my supervision do not follow any of these alleged policies.

9. On January 25, 2025, the Acting Attorney General authorized and conferred immigration enforcement authority upon all United States Department of Justice law enforcement officials, including DUSMs within the USMS. The Acting Attorney General took this action pursuant to a January 22, 2025 memorandum from the Acting Secretary of DHS, where the Acting Secretary authorized law enforcement officials, at the USMS and other federal law enforcement agencies, to perform the functions of an immigration officer granted to the DHS in Title 8, Chapter 12, of the United States Code and the regulations thereunder.

10. The USMS SDAL does not play any investigatory, supervisory, or management role in the HSTF-M's immigration enforcement operations, such as the May 21 and June 12, 2025 operations described in the Complaint. Rather, the USMS SDAL's role is limited to providing support to agents of DHS, including HSI, when those agencies carry out immigration enforcement operations. The USMS SDAL does not participate in every enforcement operation of the HSTF-M within the geographic boundaries of the Southern District of Alabama. Instead, upon request, the USMS SDAL will provide support to DHS for the execution, or attempted execution, of an immigration enforcement operation of the HSTF-M. In order for any employee or officer of the USMS SDAL to provide support to DHS in an HSTF-M immigration enforcement operation, there is a procedure whereby a request for support from DHS will come to me as the USMS SDAL point of contact. In turn, I am responsible for determining whether the USMS SDAL will participate in the immigration enforcement operation and for assigning DUSMs from the USMS SDAL to provide support to DHS.

11. Based upon my position as the SDUSM who interacted directly with the HSTF-M, I declare that the USMS SDAL had no involvement in any aspect of the alleged May 21, 2025 and the June 12, 2025 immigration enforcement operations described in the Complaint. I further declare that the USMS SDAL was not asked to participate in any aspect of the alleged May 21, 2025 and June 12, 2025 immigration enforcement operations. This means that the USMS SDAL was not involved in any of the investigation or planning that preceded the two operations and was not involved in any aspect of their execution or attempted execution.

12. I make no statements regarding the accuracy of the characterizations in the Complaint concerning the alleged May 21, 2025 and June 12, 2025 immigration enforcement operations.

Dated: January 28, 2026

SEAN CARNEY
Digitally signed by SEAN CARNEY
Date: 2026.01.28 14:41:06 -06'00'

SEAN CARNEY
Supervisory Deputy United States Marshal
United States Marshals Service,
Southern District of Alabama