# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

LEONARDO GARCIA VENEGAS,
      Plaintiff,

vs.

TOM HOMAN, ET. AL.,
      Defendants.

1:25-cv-397-JB-C

DECLARATION OF KENNETH FOS

     I, Kenneth Fos, make the following declaration in lieu of an affidavit as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed with the United States District Court for the Southern District of Alabama, and that it is the legal equivalent of a statement under oath.

     1. I am employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency within the United States Department of Justice. I am a Special Agent and I am the Resident Agent in Charge ("RAC") of the Mobile, Alabama Field Office, which is within ATF's Nashville Field Division.

     2. As RAC of the Mobile Field Office, I supervise the six other ATF Special Agents who are assigned to the Mobile Field Office. I also supervise several ATF Task Force Officers ("TFOs") who are employed by state or local police departments and deputized to act on behalf of the United States pursuant to agreements between ATF and their home departments.

     3. I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

     4. Beginning in late January or early February 2025, DHS began to periodically request that ATF Agents from the Mobile Field Office assist local DHS personnel with DHS Title 8 enforcement activities in and around the Mobile, Alabama area.

5. Based on availability, resources, and ATF mission needs, ATF supervisors assigned ATF Mobile Field Office Agent(s) to support the DHS Title 8 activities on the requested dates. ATF TFOs have not participated in any DHS Title 8 activities at any time.

6. DHS personnel plan all DHS Title 8 enforcement operations, and when ATF Agents are asked to assist, the ATF Agents participate in DHS Title 8 activities in a support role.

7. ATF Agents do not have any role in planning the DHS Title 8 enforcement operations, including choosing the location(s) and/or target(s) of operations.

8. ATF Agents supporting DHS Title 8 enforcement operations are required to follow the law, the constitution, and all ATF policies.

9. ATF has not enacted or adopted any search-and-seizure policies for construction sites, such as the "Warrantless Entry Policy," "Preemptive Detention Policy," or "Continued Detention Policy," as alleged in Plaintiff's Complaint at paragraphs 154-157.

10. If any search-and-seizure policies for construction sites such as the "Warrantless Entry Policy," "Preemptive Detention Policy," or "Continued Detention Policy," exist or existed at any department or agency, as alleged in Plaintiff's Complaint at paragraphs 154-157, ATF never instructed or authorized ATF Mobile Field Office Agents to follow those policies.

11. When ATF became aware of the lawsuit filed by Plaintiff, I was tasked with determining whether any ATF Agents were assigned to support DHS Title 8 activities on May 21, 2025, in Foley, Alabama, and/or June 12, 2025, in Fairhope, Alabama and could have been involved in the May 21, 2025 or June 12, 2025 encounters described by Plaintiff in his Complaint.

12. To the extent that DHS requested ATF assistance for Title 8 activities planned in Foley, Alabama or Fairhope, Alabama, only ATF Agent(s) assigned to the Mobile Field Office would have been assigned to assist in those locations.

13. When ATF Agents from the Mobile Field Office are assigned to support DHS Title 8 activities, an ATF Agent creates an ATF Operational Plan Report for the date of the planned activities. The ATF Operational Plan Report includes the name(s) of the ATF personnel who will support the DHS operation(s) on the date specified.

14. I thoroughly searched ATF records related to the ATF Mobile Field Office's support of DHS Title 8 enforcement activities. I found no ATF Operational Plan Report for support of DHS Title 8 activity on May 21, 2025, and I found one ATF Operational Plan Report for support of DHS Title 8 activity on June 12, 2025.

15. The June 12, 2025 ATF Operational Plan Report was authored by a female ATF Mobile Field Office Agent, and she is listed as the only ATF Mobile Field Office Agent assigned to support the DHS Title 8 operation(s) on that date.

16. ATF utilizes a web-based program known as WebTA to track its employees' time and attendance. When an ATF Agent is assigned to support DHS Title 8 activities, the ATF Agent is required to use a unique time code to record his or her time spent supporting DHS Title 8 activities in WebTA.

17. As a supervisor, I have access to the WebTA records for each of the six other ATF Agents in the ATF Mobile Field Office, as well as my own WebTA records.

18. I looked at the WebTA time and attendance records for May 21, 2025, for each of the ATF Agents in the ATF Mobile Field Office, and none of the ATF Mobile Field Office Agents recorded time in support of DHS Title 8 activities on May 21, 2025.

19. I looked at the WebTA time and attendance records for June 12, 2025, for each of the ATF Agents in the ATF Mobile Field Office, and only one ATF Mobile Field Office Agent, a female, recorded time in support of DHS Title 8 activities on that date.

20.	The only ATF Mobile Field Office Agent who recorded time in support of DHS Title 8 activities on June 12, 2025, is the same female agent who authored the ATF Operational Plan Report for that date.

21.	It is my understanding that Plaintiff has described all the officers that were involved in the encounters on May 21, 2025 and June 12, 2025 as male officers.

22.	Based on my review of ATF records, as described, I was unable to find any documentation or information indicating that any ATF Mobile Field Office Agents were assigned to support DHS Title 8 activities on May 21, 2025, and only one ATF Mobile Field Office Agent, a female, was assigned to support DHS Title 8 activities on June 12, 2025.

23.	Therefore, I have concluded that no ATF Mobile Field Office Agents were involved in the May 21, 2025 or June 12, 2025 encounters described by Plaintiff in his Complaint.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 27th day of January, 2026 in Mobile, Alabama.

KENNETH FOS
Digitally signed by KENNETH FOS
Date: 2026.01.27 17:47:13 -06'00'

Kenneth Fos
Resident Agent in Charge
Mobile Field Office
Bureau of Alcohol, Tobacco, Firearms and Explosives