# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| LEONARDO GARCIA VENEGAS,<br><br>*Plaintiff,*<br><br>v.<br><br>TOM HOMAN, WHITE HOUSE BORDER CZAR, IN HIS OFFICIAL CAPACITY, ET AL.,<br><br>*Defendants.* | Case No. 1:25-cv-397-JB-N |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS PLACEHOLDER FTCA CLAIMS**

The United States moves to dismiss Leo's Federal Tort Claims Act claims against it as unripe and to dismiss five individual Doe Officers as improper defendants. FTCA MTD (ECF No. 55) 8–13. The Court should do neither. Leo has not yet brought FTCA claims. He will do so by amendment if those claims ripen, as his Complaint made clear and as the United States agrees he can. The proper course, rather than "dismissing" claims Leo has not yet brought, is to deny the motion as premature. As for proper defendants, the United States misses that Leo did not bring FTCA claims against the Doe Officers. These constitutional tort claims (under Alabama law, *Bivens*, and the Westfall Act) against the individual officers are not brought under the FTCA or subject to its exclusivity provision. *See* 28 U.S.C. § 2679(b)(2)(A). Because Leo did not sue the Doe Officers under the FTCA, there is no basis for dismissing the Does as improper defendants under the FTCA.

## BACKGROUND

Few facts are needed to understand this Rule 12(b)(1) motion, so Leo will keep this short. On May 21, 2025, three federal officers (Does 1–3) seized, tackled, and detained Leo while he was working on a private construction site. Compl. (ECF No. 1) ¶¶ 63–114. On June 12, 2025, two federal officers (Does 4–5) again seized and detained Leo while he was working on a private construction site. *Id.* ¶¶ 115–52. The officers lacked a warrant, probable cause, or even reasonable suspicion for their conduct. *Id.* ¶¶ 425–31, 472–77. On September 30, 2025, Leo filed this lawsuit raising, as relevant here, damages claims for

- **Assault (Count V)** – against Does 1–3 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 374–88)
- **Battery (Count VI)** – against Does 1–3 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 389–99)

- **False Arrest (Count VII)** – against Does 1–3 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 400–09)

- **False Imprisonment (Count VIII)** – against Does 1–3 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 410–21)

- **Fourth Amendment (Count IX)** – against Does 1–3 individually under *Bivens* and the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) (Compl. ¶¶ 422–33)

- **Assault (Count X)** – against Does 4–5 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 434–46)

- **False Arrest (Count XI)** – against Does 4–5 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 447–56)

- **False Imprisonment (Count XII)** – against Does 4–5 individually under the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) and state tort law (Compl. ¶¶ 457–68)

- **Fourth Amendment (Count XIII)** – against Does 4–5 individually under *Bivens* and the Westfall Act (28 U.S.C. § 2679(b)(2)(A)) (Compl. ¶¶ 469–79)

For seven of these claims (Counts V–VIII & X–XII), crucially, Leo made clear that he was not yet suing the United States under the FTCA. Rather, he merely noted that he "*plans to amend* his complaint to bring th[ese] claim[s] under the FTCA with the United States as a defendant *if his notice[s] of claim [are] denied*." Compl. nn. 42–48 (emphasis added). In turn, Leo has submitted notices of claim (SF-95s) to several federal agencies[1]—which, if denied, would ripen his FTCA claims against the United States. *See* 28 U.S.C. § 2675(a).

---

[1] *See* Acosta Decl. (ECF No. 62-1) (describing when and how Leo submitted his SF-95s to various agencies). The only agency the United States specifically claims "has no record" of Leo's SF-95s is the U.S. Marshals Service (USMS). FTCA MTD 6–7. But Leo emailed his forms to USMS using the address listed on its website. *Compare* Acosta Decl. ¶ 8 & Ex. A (email to USMSTORTClaims@usdoj.gov), *with id.*, Ex B ("you may scan and e-mail your [SF-95] claim form and all documentation to: USMSTORTClaims@usdoj.gov"). So USMS should have Leo's forms. Merely submitting a declaration from agency counsel asserting that "a thorough search" (by whom?) could not locate Leo's forms, Javier Decl. (ECF No. 54-8) ¶¶ 5–7, "does not rebut the presumption of [SF-95] delivery." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241 (11th Cir. 2002) (three employee declarations asserting that a SF-95 could not be found were insufficient to rebut the presumption of delivery).

The agencies received Leo's forms in October. *See* FTCA MTD 6–7; *see also supra* n.1. They have not yet responded, but have until April to do so, *see* 28 U.S.C. § 2675(a) (six-month deadline), at which point Leo plans to amend his complaint to add those claims.

## ARGUMENT

The United States makes two requests. The Court should deny both.

*First*, the United States moves to dismiss Leo's FTCA claims against it (Counts V–VIII & X–XII), for failure to exhaust administrative remedies. FTCA MTD 8–11. But there are no claims for this Court to "dismiss." Again, Leo's Complaint made clear that he "*plans to amend* his complaint to bring th[ese] claim[s] under the FTCA with the United States as a defendant *if his notice[s] of claim [are] denied*." Compl. nn. 42–48 (emphasis added). The FTCA requires Leo to submit his claims to the relevant federal agencies and then to wait until they either deny the claims or fail to respond within six months before he can formally add them to his complaint. *See* 28 U.S.C. § 2675(a). Leo has submitted his claims, *supra* 2 & n.1, and now he's waiting (the deadlines are in April). *If* his FTCA claims against the United States ripen, *then* he will bring them. But as we sit here today, an order dismissing claims that Leo has not yet brought would be premature.

The Court should thus deny this Rule 12(b)(1) motion. In the alternative, should the Court choose to "dismiss" Leo's FTCA claims against the United States before he even brings them, that dismissal should be "without prejudice," FTCA MTD 11 (agreeing)—and it should make clear that Leo remains free to do what his Complaint said he "plans" to do. Compl. nn. 42–48.

3

*Second*, the United States moves to dismiss the five Doe Officers on the theory that the United States is the only proper defendant for FTCA claims and the Westfall Act makes the FTCA the exclusive remedy for torts by federal officers. FTCA MTD 12. Alternatively, the United States says it should be dismissed from the tort claims against the Doe Officers because it is not an appropriate party. *Id.* at 12 n.4. These arguments confuse Leo's claims.

For starters, as discussed above, Leo has not yet brought FTCA claims against *any* defendant—and when he does, they will be against the United States only. As for the Doe Officers, Leo has sued them under Alabama tort law, *Bivens*, and the Westfall Act's exception for constitutional claims—not the FTCA. *See supra* pp. 1–2 (listing damages claims). Leo's constitutional tort claims are against the Does only—not the United States. So, the parties agree who are proper parties to which claims. There is no problem.

Moreover, in arguing that Leo cannot sue the individual officers, the United States ignores the relevant part of the Westfall Act. When a federal officer commits a tort, the Westfall Act says that a suit against the United States is generally "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee." 28 U.S.C. § 2679(b)(1). Importantly, though, that exclusivity rule "does not extend or apply to a civil action against an employee . . . brought for a violation of the Constitution." *Id.* § 2679(b)(2)(A). That is what Leo brings in Counts V–XIII: civil claims (under Alabama tort law and *Bivens*) against federal officers (Does 1–5) for conduct that violated the Constitution (Fourth Amendment). *See Buchanan v. Barr*, 71 F.4th 1003, 1015–16 & n.5 (D.C. Cir. 2023) (Walker, J., concurring) (explaining that the Westfall Act's

constitutional tort exception, while often "overlooked," plausibly allows state tort claims brought "to remedy a constitutional violation" or "*Bivens* actions" against federal officers).

The United States' sparse footnote does not develop an argument to explain why Leo's claims against the Doe Officers do not fit within the Westfall Act's constitutional tort exception. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (refusing to consider claim where party "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments"). It does not engage with the text of 28 U.S.C. § 2769(b)(2)(A). And it fails to cite a single case applying the Westfall Act's exclusivity rule to dismiss federal officers in a suit where the alleged tort *was also a constitutional violation*. Nothing in the statutory text supports the United States' argument: The FTCA waives sovereign immunity for certain torts—full stop—and the Westfall Act makes suits against the United States the "exclusive" remedy for those torts—except that plaintiffs may still sue federal officials "for a violation of the Constitution." 28 U.S.C. § 2679(b)(1), (b)(2)(A). That text does not restrict, but *expands*, the number of potentially liable defendants. Leo has sued the proper parties.

## CONCLUSION

The Court should deny the Rule 12(b)(1) motion as premature. Alternatively, if the Court decides to dismiss Leo's placeholder FTCA claims against the United States, it should do so without prejudice only and with leave to bring those claims when they ripen (as he alleged he would). Finally, the Court should reject the United States's request to dismiss the five Doe Officers as improper defendants.

5

Dated: February 18, 2026.	Respectfully submitted,

                                                      */s/ Jared McClain*
                                                     Jared McClain (DC Bar No. 1720062)*
                                                     Jaba Tsitsuashvili (DC Bar No. 1601246)*
                                                     Joshua Windham (NC Bar No. 51071)*
                                                     INSTITUTE FOR JUSTICE
                                                     901 N. Glebe Road, Suite 900
                                                     Arlington, VA 22203
                                                     (703) 682-9320
                                                     jmcclain@ij.org
                                                     *Admitted Pro Hac Vice*

                                                     *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on this day I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS PLACEHOLDER FTCA CLAIMS with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

<u>/s/ Jared McClain</u>
Jared McClain (DC Bar No. 1720062)
