# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

| | |
|---|---|
| LEONARDO GARCIA VENEGAS,<br><br>*Plaintiff*,<br><br>v.<br><br>TOM HOMAN, WHITE HOUSE BORDER CZAR, IN HIS OFFICIAL CAPACITY, ET AL.,<br><br>*Defendants*. | Case No. 1:25-cv-397-JB-N |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF 30)**

Plaintiff Leonardo Garcia Venegas submits this notice of supplemental authority under Local Rule 7(f). On February 23, former-ICE Assistant Chief Counsel Ryan Schwank testified before members of Congress. Mr. Schwank explained that he recently resigned because ICE is training agents to follow secret policies that contradict DHS training materials and jettison constitutional restraints on their authority. *See Sen. Richard Blumenthal & Rep. Robert Garcia Host Forum on Constitutional Violations*, C-SPAN (Feb. 23, 2026), https://bit.ly/4rBeUgJ ("Video"). His revelations bolster Leo's position in support of preliminary injunction that DHS adopted new, non-public search-and-seizure policies.

In Leo's brief in support, he described three policies that, "[w]hether reduced to writing or not," are being enforced by immigration officers. PI Br. (ECF 30-1) 16. Defendants responded with the declaration of HSI agent Philip Lavoie to contend that HSI officers are trained to follow the law. PI Opp. (ECF 41) 6, 14–15. Lavoie asserted that "ICE's policy requires officers to follow the Constitution and all relevant statutes and regulations" and that officers "receive law enforcement training on the requirements of [the] Fourth Amendment of the U.S. Constitution, and the related statutory and regulatory provisions … as part of their Academy training[.]" Lavoie Decl. (ECF 44-1) ¶¶ 27–28. In reply, Leo provided several reasons to doubt Lavoie's declaration, including the timing of the training and the contradictory statements from top officials. PI Reply (ECF 48) 3–6.

Mr. Schwank's whistleblower testimony further undercuts Mr. Lavoie's assertion that DHS's training and policies track the law.  Mr. Schwank testified that ICE's training is "deficient, defective, and broken," a "dangerous husk" of prior trainings. Video at 23:30, 25:43. He testified, "ICE dismantle[d] the training program" last year, in part by cutting

1

classes that teach the constitutional limits on the power to make lawful detentions and arrests. *Id.* at 24:10; *see id.* 1:36:00 ("I have seen cadets make arrests of individuals who committed no crime."). "DHS leadership has dismantled the academic and practical tests that we need to know if cadets can safely and lawfully perform their job." *Id.* at 25:00.

And it's not just *less* training. ICE is now "teaching cadets to violate the Constitution, and they [a]re attempting to cloak it in secrecy[.]" *Id.* at 28:13. For instance, Mr. Schwank "received secretive orders to teach new cadets to violate the Constitution by entering homes without a judicial warrant." *Id.* at 23:55. The training was based on a secret memo that directly contradicted DHS's "2025 legal training materials" on the Fourth Amendment's warrant requirement. *Id.* at 27:26. Mr. Schwank was "shown this memo in secret by [his] supervisor, who made sure that [he] understood that disobedience could cost [him his] job." *Id.* at 28:02. Mr. Schwank's supervisor warned him not to "write down any of those instructions" because DHS "would not keep a record that [they] taught it" to new cadets. *Id.* at 39:43. Mr. Schwank was not allowed to discuss this memo; he was "told not to take notes on it, that [he] was not allowed to write down any part of it." *Id.* at 40:25. "This pattern of lies is not isolated—it extends beyond the training program to include deceiving Congress and the public about the rules ICE officers follow once they graduate." *Id.* at 27:17. Regardless of their training, Mr. Schwank explained, officers will "follow the rules that they see" on television and online. *Id.* at 1:36:45.

This new evidence reinforces Leo's arguments in support of a preliminary injunction or temporary APA vacatur: DHS has adopted new search-and-seizure policies that violate its lawful authority, whether or not those policies are written down or published.

2

Dated: February 26, 2026.                    Respectfully submitted,

/s/ *Jared McClain*
Jared McClain (DC Bar No. 1720062)*
Jaba Tsitsuashvili (DC Bar No. 1601246)*
Joshua Windham (NC Bar No. 51071)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jmcclain@ij.org
*Admitted Pro Hac Vice*

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day I electronically filed the foregoing PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF 30) with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

<u>/s/ Jared McClain</u>
Jared McClain (DC Bar No. 1720062)
