# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**LEONARDO GARCIA VENEGAS,**

       **Plaintiff,**

**v.**

**TOM HOMAN, et al.,**

       **Defendants.**

**Civil Action No. 1:25-cv-00397-JB-N**

## THE UNITED STATES' REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S PLACEHOLDER FTCA CLAIMS [FED. R. CIV. P. 12(b)(1)]

The United States respectfully submits this reply in support of its Motion to Dismiss Plaintiff, Leonardo Garcia Venegas' placeholder Federal Tort Claims Act (FTCA) negligence claims against the United States, Counts V-VIII and X-XII [Doc. 1, PageID.70-78, 80-86 ¶¶374-421, 434-468], in their entirety without prejudice, as follows:

The United States is asking this Court to dismiss Plaintiff's placeholder FTCA claims as against the United States. A suit against the United States is the exclusive remedy for damages claims resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. *See Omnipol, A.S. v. Multinational Def. Servs*., LLC, 32 F.4th 1298 (11th Cir. 2022) (the Westfall Act, 28 U.S.C. § 2679(b)(1), accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties). In contrast, if the Court finds that Plaintiff sufficiently asserts

a *Bivens*[1] action against federal employees in their individual capacities, the United States is not an appropriate named defendant. 28 U.S.C. § 2679(b)(2).

Plaintiff's Opposition clarifies that he is not bringing FTCA claims against the individual capacity defendants. [Doc. 62, PageID.727]. However, he confusingly argues that this Court should not "dismiss five individual Doe Officers as improper defendants." *Id*. Plaintiff is attempting to bring *Bivens* claims against the five individual capacity defendants in Counts IX and XIII. [Doc. 1, PageID.78, 80, 86, 87]. At present, undersigned has not filed any responsive pleadings on behalf of the individual capacity defendants regarding the *Bivens* allegations.[2] In other words, the United States does not request dismissal of all of Plaintiff's claims made against the individual capacity defendants. Rather, the United States styles the underlying motion as a Partial Motion to Dismiss Plaintiff's Placeholder FTCA Claims or a partial motion to dismiss Counts V-VIII and X-XII as against the United States.

This Court should grant the United States' Motion to Dismiss the placeholder FTCA claims. The exhaustion requirement is a "clear statutory command" that Plaintiffs must heed. *O'Brien v. United States*, 137 F. App'x 295, 301 (11th Cir. 2005). This requirement is a notable "prerequisite before filing an action in federal court." *Randles v. United States*, No. CV 1:22-00405-KD-MU, 2023 WL 3606660, at *3 (S.D. Ala. May 22, 2023). Accordingly, "[a] plaintiff cannot file a complaint in anticipation of the denial of an administrative claim or use a complaint as a placeholder for a series of claims that 'ripen' as they are processed." *Swinton v. United*

---

[1] "Claims for money damages against federal officials and employees who have committed constitutional violations are known as *Bivens* claims, after the Supreme Court's decision in [that seminal case]." *Johnson v. Terry*, No. 23-11394, 2024 WL 3755110, at *4 (11th Cir. Aug. 12, 2024).

[2] Undersigned is currently not authorized to waive Fed. R. Civ. P. 4(i)(3) service.

*States*, 2022 U.S. Dist. LEXIS 60084, at *11 (W.D. Pa. Mar. 31, 2022); *citing McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). Moreover, when a plaintiff's suit is premature, dismissal is the appropriate remedy. *See, e.g., Id*., (when a suit is prematurely filed before the denial of an administrative claim, the complaint must be dismissed for failure to exhaust administrative remedies).

Here, Plaintiff does not dispute that his FTCA claims against the United States are premature. Instead, he certifies that he did not send the United States his administrative claims until October 2, 2025. [Doc. 62-1, PageID.742]. Likewise, Plaintiff states in his Response, "Leo has not yet brought FTCA claims. He will do so by amendment if those claims ripen." [Doc. 62, PageID.727]. Further that, "Leo's Complaint made clear that he '*plans to amend* his complaint to bring th[ese] claim[s] under the FTCA with the United States as a defendant *if his notice[s] of claim [are] denied*.'" [Doc.62, PageID.729] (emphasis added by Plaintiff). Consequently, Plaintiff has admitted his FTCA claims are premature. Therefore, this Court should find that he has failed to exhaust his administrative remedies regarding his placeholder FTCA claims against the United States.

The United States notes that some of the information provided in Plaintiff's supporting declaration differs from the information provided in support of the United States' Motion to Dismiss Plaintiff's Placeholder FTCA Claims. Specifically, the Marshals Service has determined that Plaintiff emailed two Form SF-95s to the Marshals' administrative tort claim in-box on October 2, 2025. However, because of the unprecedented forty-three (43) day government-wide shutdown, the Marshals did not fully monitor that in-box. Therefore, the Marshals Service did not review the in-box's contents until the shutdown concluded. On November 13, 2025, the Marshals determined that it was not involved in the May and June encounters. Thus, on

3

November 17, 2025, the Marshals Service forwarded Plaintiff's administrative claims to ICE's tort claims in-box. Normally, the Marshals Service would document this referral in its administrative tort claims database. However, due to the unprecedented shutdown and administrative error, the Marshals Service failed to document the Plaintiff's administrative claims. This failure led to the Marshals Service representation that it did not have a record of receiving Plaintiff's administrative claim. [Doc. 54-8, PageID.626-628]. The Marshals Service is remorseful about this embarrassing administrative oversight and will make good-faith efforts to ensure administrative documentation issues do not arise again in this case or before this Court. Likewise—if Plaintiff attempts to re-file FTCA negligence claims against the United States after appropriately exhausting his administrative remedies—the United States will conduct good faith administrative claims searches to ensure there are no remaining questions regarding when each agency received his administrative claim forms.

Regardless of the administrative issues experienced by the Marshals Service, it is clear that Plaintiff filed this lawsuit then subsequently submitted his administrative claims. He did not exhaust his administrative remedies. Thus, this Court should dismiss Plaintiff's negligence action against the United States. Moreover, this Court should dismiss all other defendants who are not proper parties in an FTCA action.

### Conclusion

The United States respectfully seeks dismissal of Plaintiff's placeholder FTCA Claims against the United States in their entirety without prejudice.

(Signature and Certificate on Following Page)

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:  *s/Victoria Todd*
    Victoria Todd
    Assistant United States Attorney
    63 S. Royal Street, Suite 600
    Mobile, Alabama 36602

## CERTIFICATE OF SERVICE

I certify that, on February 27, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

    *s/Victoria Todd*
    Victoria Todd
    Assistant United States Attorney