# EXHIBIT A

**From:** Todd, Victoria (USAALS) <Victoria.Todd@usdoj.gov>
**Sent:** Monday, December 22, 2025 3:16 PM
**To:** Jared McClain <jmcclain@ij.org>
**Cc:** Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>; Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; Joshua Windham <jwindham@ij.org>; Jaba Tsitsuashvili <jtsitsuashvili@ij.org>; Ashlynn Acosta <aacosta@ij.org>
**Subject:** RE: Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Thanks for the response.

I will have to get with my client about this which will necessarily be delayed by the holiday. Therefore, won't be able to provide you with a response, formal or otherwise. Particularly, not without a PO in place. Can we agree to re-visit this PO conversation the week of 1/5?

Sincerely,
Victoria

*Victoria O. Todd*
*Chief, Civil Division*
*U.S. Attorney's Office*
*Southern District of Alabama*
*63 South Royal Street, Ste. 600*
*Mobile, Alabama  36602*
*Tel:  251.415.7128*
*Fax:  251.441.5051*

**From:** Jared McClain <jmcclain@ij.org>
**Sent:** Monday, December 22, 2025 2:06 PM
**To:** Todd, Victoria (USAALS) <Victoria.Todd@usdoj.gov>
**Cc:** Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>; Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; Joshua Windham <jwindham@ij.org>; Jaba Tsitsuashvili <jtsitsuashvili@ij.org>; Ashlynn Acosta <aacosta@ij.org>
**Subject:** [EXTERNAL] Re: Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Victoria,

Sorry for the delay.  The main issues we have with the protective order are the breadth of what counts as "confidential" (particularly subsections 1.b, 1.d, and 1.g)), the lack of a mechanism to challenge a designation, and the scope.

I think the second one is a fairly easy fix.  I included a new section on challenging a designation that we used in another one of my cases.

The main thing, though, is our problem is how much broader this over goes than PII combined with the boundless scope of the order.

The way the order is written, it would cover the entirety of our proceedings. That wouldn't be a problem if we limited to PII or at least agreed on what counts as confidential information. But it seems like we're pretty far off on that definition. There's no way, for instance, that we can agree to treat stuff like government procedures, priorities, staffing, or the names and job duties of government employees as confidential for the entire case—especially when the definitions use words like "could" and "might."

The point of agreeing to something now is to facilitate the agency's identification of the Doe Defendants. If we limit the scope of the order to that discrete purpose (*i.e.*, documents produced as part of Defendants' voluntary effort to identify the Does), we could be a little more flexible on agreeing to things that aren't truly PII. But if you'd like an order that has enduring effect, we need to cut things like 1.b, 1.d, and 1.g before we can agree.

Thanks,

Jared

---

**From:** Todd, Victoria (USAALS) <Victoria.Todd@usdoj.gov>
**Sent:** Monday, December 22, 2025 12:24 PM
**To:** Jared McClain <jmcclain@ij.org>
**Cc:** Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>; Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; Joshua Windham <jwindham@ij.org>; Jaba Tsitsuashvili <jtsitsuashvili@ij.org>; Ashlynn Acosta <aacosta@ij.org>
**Subject:** RE: Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Jared,

Please let me know whether you think you will be able to provide your response regarding the proposed PO today? I will be on Holiday leave for the rest of the week and would like to file this before I go out.

Sincerely,
Victoria

*Victoria O. Todd*
*Chief, Civil Division*
*U.S. Attorney's Office*

*Southern District of Alabama*
*63 South Royal Street, Ste. 600*
*Mobile, Alabama  36602*
*Tel:  251.415.7128*
*Fax:  251.441.5051*

**From:** Todd, Victoria (USAALS)
**Sent:** Thursday, December 18, 2025 12:59 PM
**To:** jmcclain@ij.org
**Cc:** Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>; Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; jwindham@ij.org; jtsitsuashvili@ij.org; aacosta@ij.org
**Subject:** Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Jared,

As discussed, please see the attached Proposed Protective Order and Draft Joint Motion for PO. Please advise whether we can jointly request entry of the PO.

Sincerely,
Victoria

*Victoria O. Todd*
*Chief, Civil Division*
*U.S. Attorney's Office*
*Southern District of Alabama*
*63 South Royal Street, Ste. 600*
*Mobile, Alabama  36602*
*Tel:  251.415.7128*
*Fax:  251.441.5051*

**From:** Todd, Victoria (USAALS) <Victoria.Todd@usdoj.gov>
**Sent:** Thursday, January 8, 2026 4:39 PM
**To:** Jared McClain <jmcclain@ij.org>
**Cc:** Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>; Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; Joshua Windham <jwindham@ij.org>; Jaba Tsitsuashvili <jtsitsuashvili@ij.org>; Ashlynn Acosta <aacosta@ij.org>
**Subject:** RE: Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Jared,

I don't have any time today or tomorrow, but am generally available on Monday. Please feel free to call me any time after 9 cst.

Sincerely,
Victoria

*Victoria O. Todd*
*Chief, Civil Division*
*U.S. Attorney's Office*
*Southern District of Alabama*
*63 South Royal Street, Ste. 600*
*Mobile, Alabama  36602*
*Tel:  251.415.7128*
*Fax:  251.441.5051*

**From:** Jared McClain <jmcclain@ij.org>
**Sent:** Thursday, January 8, 2026 1:42 PM
**To:** Todd, Victoria (USAALS) <Victoria.Todd@usdoj.gov>
**Cc:** Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>; Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; Joshua Windham <jwindham@ij.org>; Jaba Tsitsuashvili <jtsitsuashvili@ij.org>; Ashlynn Acosta <aacosta@ij.org>
**Subject:** [EXTERNAL] Re: Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Victoria,

Do you have any time tomorrow or Monday morning to talk through the limited discovery/protective order issue?  Right now, I am only booked from 10-1 ET tomorrow.

-Jared

**EXHIBIT C**

**From:** Ladd, Gaillard (USAALS)
**Sent:** Tuesday, April 28, 2026 2:27 PM
**To:** 'Jared McClain' <jmcclain@ij.org>
**Cc:** Hulett, Sarah (USAALS) <Sarah.Hulett@usdoj.gov>; Graham, Kristen (USAALS) [Contractor] <Kristen.Graham@usdoj.gov>; Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>
**Subject:** RE: Leonardo Garcia Venegas v. Tom Homan, et al.; 1:25-cv-397-JB-N - Proposed PO and Draft Joint Motion for PO

Jared,

After looking through my file and going over my efforts to identify the individuals in the second event I do not think extending another 30 days will be fruitful. As I highlighted in my earlier email, I have a high degree of confidence that the individuals in the second event were not USMS, FBI, or ATF, but that is the extent of my ability to narrow the field. I believe you and Victoria discussed the need for entry of a protective order in this case before limited discovery and I will circulate a draft protective order tomorrow.

Regarding the FTCA claims, I am not in a position to consent. However, I understand your position regarding the timing of the FTCA claims and amendment.

Thanks

Gaillard

**EXHIBIT D**

From: Jared McClain <jmcclain@ij.org>
Sent: Tuesday, May 12, 2026 4:17 PM
To: Ladd, Gaillard (USAALS) <Gaillard.Ladd@usdoj.gov>
Subject: [EXTERNAL] Re: Venegas proposed motion for extension of time

Thanks, Gaillard.  I'll look at this shortly.

Related to the hearing, no idea if the judge will go for it, but one of our witnesses is in Spain.  He's willing to fly back for the hearing, but it would obviously be easier to not fly back.  If it's okay with the judge and the court has the capability, would you object to a witness appearing by Zoom?  I'll ask in response to the judge's clerk about dates.  I just wanted to get your position first.

-Jared

---

From: Ladd, Gaillard (USAALS) <Gaillard.Ladd@usdoj.gov>
Sent: Tuesday, May 12, 2026 4:48 PM
To: Jared McClain <jmcclain@ij.org>
Subject: Venegas proposed motion for extension of time

Jared,

Attached is a proposed motion for an extension of time for the discovery request. Per our discussion today I will continue to reach out to agency counsel. If I am able to receive a response from them regarding a limited production/response to your proposed discovery requests I will of course confer with you regarding the same. In anticipation that this may take longer than expected I asked for 21 days. However, if this time period is too long please let me know. Also attached is a copy of our draft protective order for your review.

Thanks

Gaillard

S. Gaillard Ladd

Assistant United States Attorney

Southern District of Alabama

63 S. Royal Street, Suite 600

Mobile, Alabama 36602

Email: gaillard.ladd@usdoj.gov

Office Phone: 251.415.7135

Mobile: 251.300.7985

**To:** jmcclain@ij.org
**Cc:** Graham, Kristen (USAALS) [Contractor] <Kristen.Graham@usdoj.gov>; Herring, Nina (USAALS) <Nina.Herring@usdoj.gov>
**Subject:** Venegas protective order

Jared,

In light of the hearing next week, I think it would be necessary to have the court enter a protective order prior to Lavois testimony. I could anticipate that certain lines of questioning may implicate law enforcement sensitive information, confidential means and methods, or perhaps could touch on privileged matters. With that being the case, I have attached an amended proposed protective order to include an Exhibit A to require a signature for experts, should they be involved later in the discovery process.

I know this is a holiday weekend, but please let me know your position by Monday at 11:00am CST. If we can't agree on a PO I will likely file this as a proposed, but disputed PO with the Court so that the hearing on Wednesday of next week will not be delayed.

Gaillard

S. Gaillard Ladd
Assistant United States Attorney
Southern District of Alabama
11 North Water Street, Suite 30100
Mobile, Alabama 36602
Email: gaillard.ladd@usdoj.gov
Office Phone: 251.415.7135
Mobile: 251.300.7985

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**LEONARDO GARCIA VENEGAS,**

      **Plaintiff,**

**v.**

**Civil Action No. 1:25-cv-00397-JB-C**

**TOM HOMAN, White House Border Czar, in
his official capacity; U.S. DEPARTMENT OF
HOMELAND SECURITY; U.S.
DEPARTMENT OF JUSTICE; KRISTI
NOEM, Secretary of the DHS, in her official
capacity; PAMELA BONDI, Attorney General,
in her official capacity; STEVE SCHRANK,
Special Agent in Charge of HSI's Atlanta Field
Office, in his official capacity; SARA JONES,
Special Agent in Charge of FBI's Mobile Office,
in her official capacity; BRIAN ACUNA, Acting
Director of ICE's New Orleans Field Office, in
his official capacity; ADAM M. CALDERON,
Chief Patrol Agent for CBP's New Orleans
Sector, in his official capacity,**

      **Defendants.**

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Entry of Protective Order (the Motion), the

Motion is **GRANTED**.

Accordingly, for the purpose of protecting the privacy of persons who are not involved as

parties in this case against the unprotected disclosure of personal information pertaining to them

in accordance with the provisions and objectives of the Privacy Act (5 U.S.C. § 552a), and to

expedite the flow of discovery material between the parties, to facilitate the prompt resolution of

disputes over confidentiality, to adequately protect personally identifiable information and law enforcement sensitive information entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) **ORDERED** as follows:

1. **Confidential Information.**  Pursuant to this Protective Order, any party may designate certain information, whether as documents or testimony or otherwise, as "Confidential" subject to the terms of this Protective Order where it believes in good faith that such materials or information contains or reflects:

> a. Information subject to the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or other privacy protections, e.g., medical records or protected health information;
>
> b. Confidential personnel information of current and former employees of the Defendant or of any third-party witnesses, including but not limited to phone numbers and email addresses;
>
> c. *Personally Identifying Information* (PII), including but not limited to, names, dates of birth, Social Security Numbers, alien registration numbers ("A numbers"), home addresses, email addresses, bank account numbers and other financial information, passport numbers, driver's license numbers, and telephone numbers;
>
> d. *Law Enforcement Sensitive Information* (LES), including but not limited to,
>
> > i. Government records that might contain tactical and other information related to law enforcement activities not made available

by the Government to the general public that could be adversely used to circumvent law enforcement efforts;

ii.    Sensitive information about the relevant agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence, and/or methods, which is confidential and should not be released to the public;

iii.    information not proper for public dissemination, including but not limited to, topics such as public safety, health, and criminal records; and,

iv.    information that the exemption found at 5 U.S.C. §552(b)(7)(E) protects from disclosure.

e.    Information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

i.    applications for Temporary Protected Status under 8 C.F.R. § 1254a; and

ii.    Information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), 15(U), (51) or 1229b(b)(2);

f.    Any other information that is protected or restricted from disclosure by Court order, statutes, rules, or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R.

§§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21,1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; and

g.      Confidential government personnel information, including the names, job titles, identifying numbers, duty locations, or other identifying information of federal employees or contractors involved in enforcement operations or custodial functions, where disclosure could pose privacy, safety, or operational concerns sensitive operational information about organizational plaintiffs.

2.      **Confidential–Attorneys' Eyes Only Information.** Confidential-Attorneys' Eyes Only Information shall mean Confidential Information that at the time of its production in discovery in the Action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Paragraph 8 below but not identified in Paragraph 9 below would create a substantial risk of harm that could not be avoided by any less restrictive means.

3.      **Depositions**. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the 30th day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this

Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

4.    **Designation and Redaction of Material Subject to this Protective Order.**  To designate "Confidential" material covered by this Protective Order, the parties shall use the designation "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in one or more of the following places:  on the material itself, in an accompanying cover letter identifying the subject document or material by Bates number or other specific designation, on the cover of the disk, CD, or flash drive containing the subject material, or in a discovery response.

5.    **Inadvertent Disclosures.** If a producing party determines that it has inadvertently produced a document without designating it as confidential, the producing party shall notify the other party, and the parties shall work together to correct the inadvertence. The party receiving any confidential document, who determines that the document should have been marked as confidential, will treat the document as confidential and protected by this Order until such time as the Court may rule otherwise and shall make the document as confidential. The receiving party may still challenge the confidential designation as allowed by this Order.  In addition to designating material as "Confidential," the parties may redact irrelevant PII.

6.    **Use of Confidential Information.**   Documents or information identified in accordance with this order shall not be disclosed except as provided by this Order and shall be used only in connection with this litigation. If confidential information were to be filed with the court for any purpose, the party seeking to file such material must seek permission from the producing party in writing, and the producing party shall have at least 30 calendar days to review and redact information before the receiving party may file unless such information is filed under seal. This Order does not entitle the parties to file material subject to this Order under seal. Rather,

Gen. L.R. 5.2 sets forth the procedures that must be followed and the standards that will be applied when a party wishes to file material subject to this Order under seal.

7.      **Notification Prior to Use**: Counsel for the parties agree to advise one another prior to the commencement any hearing, proceeding, or trial if they expect to introduce any confidential information through depositions, documents, or testimony so that, if necessary, appropriate protections can be sought from the Court to protect continued confidentiality of the material.  In the event any confidential material is used in any Court proceeding, hearing, or trial, it shall not lose the confidential status conferred via this Order through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

8.      **Limited Disclosures of Confidential Information.**  Access to confidential information produced subject to this Protective Order and designated as "CONFIDENTIAL" shall be specifically limited to:

a.      the Court and its officers and personnel;

b.      the named parties to this lawsuit;

c.      counsel to the parties, including persons regularly employed by counsel;

d.      independent experts who are consulted or who are expected to testify at trial who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Attachment A";

e.      any independent document reproduction services, data recovery and database services who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Attachment A"; and

f.   any such other persons who may be specifically designated and qualified to receive confidential information pursuant to Court Order or by agreement of the parties.

9.   **Highly Restricted Disclosure of Confidential-Attorneys' Eyes Only Information**:  The parties agree that all material marked Confidential–Attorneys' Eyes Only Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

a.   counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b.   retained expert witnesses and consultants who are employed or retained by a party in connection with this Action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Attachment A." Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

c.   witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

d.      this Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

e.      court reporters, videographers, interpreters, and their staff; and

f.      any other person agreed to by the parties who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A."

10.      **Class Action Protections.** In this putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class. If a class is subsequently certified, Confidential Information may not be disclosed to certified class members unless this Protective Order is modified pursuant to Paragraph 12 below.

11.      **Public Access.** The parties, and their counsel, shall take all reasonable steps necessary to protect against the disclosure, whether inadvertent or otherwise, of confidential information to the public or through public computer access. Efforts should first be made to conceal personal identifying information by redaction or coding and storing electronic documents with password protections.

12.      **Modification Permitted.** Nothing in this Order shall prevent any party from seeking a modification of this Protective Order, from redacting irrelevant PII, or from objecting to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than confidentiality or personal privacy.

13.      **Disclosures Pursuant to the Freedom of Information Act.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to produce designated confidential documents to a third party that are otherwise subject to disclosure in response to a request pursuant to the Freedom of Information Act. Prior to any such disclosure

of documents designated as confidential, the United States shall specifically consider the applicability of the Freedom of Information Act to the designated confidential documents in light of Section 552(b)(6) of that Act.  If the United States does not intend to object to disclosure pursuant to the Freedom of Information Act, it will use reasonable efforts to promptly notify the party that originally produced the documents and allow the producing party ten (10) days to file an objection prior to producing the requested documents pursuant to the Freedom of Information Act.

14.     **Disposition of Confidential Information.**  The document or information identified in accordance with this Order and all copies of such material, shall be returned to the United States Attorney's Office for the Southern District of Alabama within thirty (30) days upon the conclusion of this litigation including any appeals,.  The parties agree to permanently delete all electronically stored information marked Confidential within thirty (30) days upon the conclusion of this litigation, including any appeals.

15.     **No Waiver.**  Nothing herein shall be construed as a waiver by any party of any evidentiary objections which the party may assert concerning the discoverability, relevance, or admissibility into evidence of any documents or information disclosed or produced under the terms of this Protective Order.

**DONE** and **ORDERED** this the ____ day of _____, 2026.

_____
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Southern District of Alabama in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate [him/her] to use

documents designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES' ONLY"

in accordance with the Order, solely for the purpose of the above-captioned action, and not to

disclose any such documents or information derived directly therefrom to any other person, firm,

or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

_____

_____

**Date:** _____          _____

**Signature**