**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| LEONARDO GARCIA VENEGAS,<br><br>    *Plaintiff,*<br><br>v.<br><br>TOM HOMAN, WHITE HOUSE BORDER CZAR,<br>IN HIS OFFICIAL CAPACITY, ET AL.,<br><br>    *Defendants.* | Case No. 1:25-cv-397-JB-N |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**(ECF 90)**

Defendants have moved for a "protective order" in connection with the evidentiary hearing on Plaintiff's motion for a preliminary injunction. ECF 90. The order they seek is "pursuant to the Court's authority under Fed. R. Civ. P. 26(c)." ECF 90-1 at 10. But both that authority and the scope of Defendants' proposed order concern protecting information during discovery; they don't cover live testimony in open court. Fed. R. Civ. P. 26(c)(1) (discussing authority to protect party "from whom discovery is sought"); ECF 90-1 at 13 ("This Order does not entitle the parties to file material subject to this Order under seal."). The parties, of course, have not yet exchanged discovery. Indeed, less than two weeks ago, Defendants sought and received a 21-day extension to respond to Plaintiff's discovery requests, in part to facilitate discussion of a possible protective order. ECF 82, 84.[1] Given

---

[1] As Defendants' exhibits show, Plaintiff's counsel sent a redline of Defendants' proposed protective order on December 22, 2025. ECF 90-1 at 1. Defendants have yet to substantively respond. *See id.* ("I will

that background, it's unclear why Defendants suddenly need a protective order entered on an emergency basis, and their motion does not attempt to explain.

To the extent Defendants' motion seeks to shield this week's preliminary-injunction hearing from public view, that request is inappropriate. "[M]aterial 'filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.'" *Callahan v. United Network for Organ Sharing,* 17 F.4th 1356, 1362 (11th Cir. 2021) (citation omitted). The Eleventh Circuit has "faithfully adhered to this rule— without exception." *Id.* "The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Id.* at 1361 (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). So, there is "a general presumption that criminal and civil actions should be conducted publicly." *Chi. Trib. Co.*, 263 F.3d at 1311. And the public has "the right to inspect and copy public records and documents." *Id.*

Although the presumption of open proceedings is not absolute, it is closely guarded. *See Doe v. Ga. Dept. of Corr.*, 2024 WL 5200055, at *2 (11th Cir. Dec. 23, 2024) ("[W]henever we consider whether to close some aspect of a judicial proceeding, we cannot do so lightly."). The presumption can be overcome by a showing of "good cause," based on the movant's stated "interest in keeping the information confidential." *Callahan,* 17 F.4th at 1363. In evaluating that stated interest against the presumption of public access, the Court should consider the movant's submissions as to "whether allowing access

---

have to get with my client about [Plaintiff's proposed edits] which will necessarily be delayed by the holiday." (Dec. 22, 2025)).

2

would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citation omitted).

Nothing in Defendants' motion tries to meet the good-cause standard or address any of the relevant considerations, and it's not clear how they could. Again, Plaintiff has not yet obtained any discovery and therefore cannot introduce any at this week's hearing. And at the hearing, Defendants plan to present a single witness: Philip Lavoie. *See* ECF 90-1 at 8 (email from counsel: "I think it would be necessary to have the court enter a protective order prior to Lavois [sic] testimony."). Mr. Lavoie has, of course, already submitted testimony in this case on the public docket. ECF 44-1 (Lavoie declaration). Several parts of that public declaration already discuss the law-enforcement means and methods that apply to the policies at issue. *See, e.g., id.* ¶¶ 6, 9–19, 25, 28–31. It's unclear why Plaintiff's cross-examination of Mr. Lavoie about that already-public testimony should be shielded from public access, and Defendants do not attempt to explain. *Cf. Callahan*, 17 F.4th at 1363 (identifying factors to consider, none of which Defendants have discussed). Preventing public access to courtroom proceedings requires clearing a high bar—"it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest"—which Defendants have not done and cannot do. *Newman v. Graddick*, 696 F.2d 796, 802 (11th Cir. 1983) (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982)). Their motion should therefore be denied

without prejudice to a renewed motion after the parties have completed their efforts to negotiate an agreed protective order for purposes of discovery.

## Conclusion

The Court should deny Defendants' motion.

Dated: May 26, 2026.                      Respectfully submitted,

                                          /s/ Jared McClain
                                          Jared McClain (DC Bar No. 1720062)*
                                          Jaba Tsitsuashvili (DC Bar No. 1601246)*
                                          Joshua Windham (NC Bar No. 51071)*
                                          INSTITUTE FOR JUSTICE
                                          901 N. Glebe Road, Suite 900
                                          Arlington, VA 22203
                                          (703) 682-9320
                                          jmcclain@ij.org
                                          *Admitted Pro Hac Vice

                                          Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

                                          /s/ Jared McClain
                                          Jared McClain (DC Bar No. 1720062)

4