**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LEONARDO GARCIA VENEGAS,

      Plaintiff,

v.

TOM HOMAN, et al.,

      Defendants.

      **Civil Action No. 1:25-cv-00397-JB-N**

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED DISCOVERY

The United States responds in opposition to Plaintiff's Motion to engage in limited discovery [Doc. 75] and as grounds in support of said motion states as follows:

Generally, discovery is not favored prior to full commencement of an action and prior to an action being ripe for a Rule 26(f) discovery conference. *See Hallford v. Allen*, 2007 WL 2570748 (S.D. Ala. Aug. 30, 2007) (finding that the Magistrate did not abuse his discretion in denying an early discovery request prior to the 26(f) meeting). *See also, Beasley v. Fred's Inc.*, 2008 WL 899249 at *2 (S.D. Ala. March 31, 2008); *Taylor v. Sanibel Development, L.L.C.*, 2007 WL 1322264 at *3 (S.D. Ala. May 4, 2007) (both reciting prohibitions of commencement of discovery prior to the 26(f) meeting). Furthermore, in instances where pretrial discovery is allowed it must be narrowly tailored and likely to lead to the identification of a fictitious party. Any such discovery should not extend beyond the scope of the justification given for such discovery.

Plaintiff proposes the following discovery:

**Interrogatory No. 1**: Provide the full name, place of employment, job title, badge number, address, and telephone number of every officer present at the construction site raid in the Fairhope Falls development on June 12, 2025. This request includes

the officers who were on patrol near the intersection of Shoshoney Circle and Burney Road in Fairhope, Alabama, where Plaintiff was detained.

**Request for Production No. 1**: For every officer identified in response to Interrogatory No. 1, produce all records of that officer's involvement in the detainment of construction workers on June 12. In this request, "record" means documents and communications created by the officer or otherwise evincing the officer's presence at the June 12 raids—including but not limited to incident reports, officer narratives, digital logs from electronic devices (*e.g.*, Mobile Fortify and Mobile Query), citations, emails, text messages, letters, faxes, memoranda, unredacted body-worn camera footage, unredacted dash camera footage, unredacted surveillance footage, audio recordings, photographs, notes, and videos.

The purpose of the above discovery requests are, as Plaintiff states, to identify potential John Doe defendants for Plaintiff's claims. *See* [Doc. 75, PageID 833]. Plaintiff asserts that these discovery requests are limited, specific, and not unduly burdensome. However, a closer inspection of these discovery requests show they are not simply designed to identify individuals in an alleged June 12 encounter, but an attempt to fully engage in discovery. Without waiving any objections to the Plaintiff's discovery requests, the United States objects to these requests as follows.

**Response to Plaintiff's Interrogatory No. 1**

If the purpose of the discovery is to identify individuals by their appearance, then their badge number, address, and personal telephone number are irrelevant. Furthermore, Interrogatory 1 is overly broad in that it applies to every officer present on June 12, 2025. Plaintiff in his motion provides a description of two men, yet his Interrogatory is not limited to men, but would seek information regarding any female agents present, despite Mr. Venegas assertion that only men were involved. *See* [Doc. 75, PageID 828-829]. The United States previously submitted the declarations of FBI Supervisory Agent Parker Still [Doc. 56-1], USMUS-SDAL Supervisory Deputy Sean Carney [Doc. 56-2], and ATF Special Agent Kenneth Fos [Doc. 56-3] wherein each of these individuals assert that their agencies were not involved in the alleged June 12, 2025,

encounter. Yet, Plaintiff's Interrogatory potentially requires all agencies to respond to this Interrogatory, which to their agencies is inapplicable, irrelevant, and overly broad. It seeks information on each and every law enforcement officer engaged in operations on June 12, without limitation to interactions with Mr. Venegas. Furthermore, there are privacy interests attached to officers names and identifiers which should be controlled by a protective order. The United States and the Plaintiff have not reached an agreement on a proposed protective order at this time and therefore limited discovery should not commence until at least the protective order is entered.

**<u>Response to Plaintiff's Proposed Request for Production No. 1</u>**

Plaintiff's proposed Request for Production also seeks information which is irrelevant and the request is overly broad. Plaintiff seeks "all records" of an officer's involvement in the detention of construction workers and does not limit the request to an encounter with Mr. Venegas. Furthermore, the request defines records so broadly that it would encompass digital logs from electronic devices including all Mobile Fortify and Mobile Query records. Mobile Fortify and Mobile Query are smartphone devices utilized by law enforcement and could potentially contain law enforcement sensitive information. The remainder of the request seeks citations and narratives are inapplicable here as Mr. Venegas did not receive a citation and was not arrested for a crime. The remaining request of all surveillance footage, dash camera, and body camera footage is overly broad. Once discovery commences after a Rule 26(f) meeting some of this information may become discoverable, but at this early stage allowing production of all unredacted video of operations from June 12 is overly broad and not sufficiently limited in time and scope, especially as a protective order has not been entered.

The parties were able to confer regarding identification of agents involved in the May 21 incident, but have not been able to resolve the identification of agents in the June 12 encounter.[1] Despite providing information to assist in narrowing down the potential agents involved, Plaintiff's proposed discovery request now broadens and expand the scope of preliminary discovery beyond the bounds of justification.

WHEREFORE, the above premises considered, the United States respectfully requests the Court deny Plaintiff's Motion for Limited Discovery and Memorandum of Law [Doc. 75], especially as there has not been entry of a protective order, and that the Plaintiff's discovery request is not narrowly tailored and exceeds the scope of the justification for engaging in limited discovery at this course in the litigation of this action.

<div style="margin-left: 50%;">

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: *s/ S. Gaillard Ladd*
S. Gaillard Ladd
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7128
Email: gaillard.ladd@usdoj.gov

</div>

---

[1] The parties did not stipulate or agree to discovery, but the identification of the individuals in the May 21 incident was freely provided to the Plaintiff. Counsel repeatedly sought to determine the identities of the individuals described by Mr. Venegas on May 21, even asking Plaintiff to provide additional descriptions of their clothing, and requesting additional time to attempt to identify the persons by name. However, the identities of the individuals in the alleged May 21 incident have not been discerned.

## **CERTIFICATE OF SERVICE**

I certify that, on June 3, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ *S. Gaillard Ladd*
S. Gaillard Ladd
Assistant U.S. Attorney