IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEONARDO GARCIA VENEGAS,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION NO.** |
| | **)** | **1:25-cv-397-JB-N** |
| **TOM HOMAN, White House Border** | **)** | |
| **Czar, in his official capacity,** *et al.*, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## ORDER

Before the Court is Plaintiff's motion for leave to conduct limited discovery prior to the Rule 26(f) conference (Doc. 75). Defendants have filed a response in opposition (Doc. 97), and Plaintiff has filed a reply (Doc. 98). The motion is ripe for disposition.[1]

In the motion, Plaintiff seeks leave to serve upon Defendants one interrogatory and one request for production before the parties confer pursuant to Fed. R. Civ. P. 26(f) to create a discovery plan. The good cause that Plaintiff cites for allowing this early, limited discovery is to permit Plaintiff to "identify the fictitiously named officers [purportedly involved in the alleged 6/12/2025 immigration enforcement

---

[1] This motion was referred to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); docket sheet notation dated 4/29/2026.

incident] so that his claims against those officers can proceed. Officers Doe 4 and 5 are real people employed by either Defendant Agencies or one of the subagencies run by the Official Capacity Defendants." As certified by counsel, Plaintiff has diligently engaged with defense counsel since December 2025 to try to obtain the identity of the subject law enforcement officers without having to resort to formal discovery. To date, defense counsel has not identified these officers to Plaintiff.

Defendants have not offered a sufficient reason to deny Plaintiff's motion. Instead, the thrust of Defendants' opposition is on the scope of the proposed interrogatory and request for production. Scope of discovery is a subject that can be addressed by the parties and the Court, if necessary, at another time. The parties are reminded of their obligation to confer in good faith about any discovery dispute before petitioning the Court to intervene. Plaintiff's motion (Doc. 75) is **GRANTED**.

**DONE** and **ORDERED** this the 15th day of June 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

2