**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LEONARDO GARCIA VENEGAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 1:25-00397-JB-N** |
| | ) |
| **TOM HOMAN, et al,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the United States' Partial Motion to Dismiss Plaintiff's Placeholder FTCA Claims (Doc. 55), Plaintiff's response in opposition (Doc. 62) and Defendants' reply (Doc. 67). A motion hearing was held on May 6, 2026, with counsel for all parties present. After careful consideration of the relevant filings and arguments and for the reasons dictated herein, the United States' Motion is **DENIED**.

The United States argues this Court should dismiss Plaintiff's placeholder FTCA claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust his administrative remedies. (Docs. 55 and 67). In response, Plaintiff argues that dismissal is not warranted, because no FTCA claims have been asserted. (Doc. 62). Given the agreement between the parties that exhaustion of administrative remedies was not performed prior to the filing of the instant action, the Court will not recite the procedural background relating to the alleged FTCA claims. Additionally, the parties do not dispute that a failure to exhaust administrative remedies is fatal to this Court's jurisdiction. The only real issue, then, is whether Plaintiff's Amended Complaint contains claims brought pursuant to the FTCA.

The Court has reviewed the operative complaint which includes claims for Assault (Count V), Battery (Count VI), False Arrest (Count VII), False Imprisonment (Count VIII), Assault (Count X), False Arrest (Count XI), and False Imprisonment (Count XII).  With respect to these seven claims (Counts V–VIII & X–XII), Venegas included a footnote, that that he "plans to amend his complaint to bring th[ese] claim[s] under the FTCA with the United States as a defendant if his notice[s] of claim [are] denied." (Doc. 62) (citing Doc. 1 at nn. 42–48.). Notably Counts V–VIII & X–XII each asserts claims that are *not* FTCA claims.  The Court finds Plaintiff has not yet asserted any FTCA claims.  As a result, the United States' motion to dismiss is denied without prejudice to be refiled if and/or when Plaintiff has asserted those claims.

**DONE and ORDERED** this 2nd day of July, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE