**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | |
|---|---|
| LEONARDO GARCIA VENEGAS,<br><br>*Plaintiff*,<br><br>v.<br><br>TOM HOMAN, WHITE HOUSE BORDER CZAR, IN HIS OFFICIAL CAPACITY, ET AL.,<br><br>*Defendants*. | Case No. 1:25-cv-397-JB-N |

**JOINT MOTION FOR PROTECTIVE ORDER**

The parties jointly move for the entry of a protective order in this case. Following a meet and confer and the exchange of letters and emails, however, the parties remain unable to agree on the precise scope of the proposed order. This joint motion details the remaining points of disagreement and the parties' positions on those items. Attached to this motion is each side's proposed protective order and a redlined version that shows the differences between the parties' respective proposals.

**1. The term "publicly available."**

*Plaintiff's position:* If information is already publicly available, whether in news reports or published through leaks or whistleblowers, it is no longer confidential and there is no justification for subjecting it to a protective order.

*Defendants' position:* The term "publicly available" is vague. Defendants only agree that they will not designate material as confidential if Defendants themselves have made the documents publicly available. Specifically, Defendants assert that "publicly available" means information

that has been lawfully made available to the general public through legitimate and authorized sources.

**2. The Scope of Confidential Information.**

**a. Confidential Personal Information.**

*Plaintiff's position:* The personnel information of public employees working for publicly funded government agencies is not confidential by default based on their employment. The proposed order already allows for the designation of information that's subject to the Privacy Act, the other provisions above, and PII. No more is appropriate. Adding this blanket provision would allow, without any guardrails, the shielding of information beyond those recognized categories. That is not a protective order drawn with "precision." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *see Rosen v. Provident Life & Accident Ins. Co.*, 308 F.R.D. 670, 678 (N.D. Ala. 2015) (rejecting protective order because movant did not "show why protections under" Rule 5.2 and its local counterpart were insufficient).

*Defendants' position:* We cannot agree to the striking of this provision. The phone numbers, physical addresses, full legal names, and email addresses of current and former employees in the federal government, and any third-party witness, should be confidential. Certain operational information concerning the agencies and personnel, if disclosed, have a significant potential of causing harm to unintended third parties. Defendant's specific and tailored requests to have certain personnel information designated confidential is not overly broad and is precise, and the cases Plaintiff cites suggests otherwise. None of Plaintiff's various causes of action at this time would render confidential personnel information relevant or discoverable, let alone necessitate its public release. To the extent that any future amendment or pleading does render such information arguably discoverable, that information should be maintained as confidential.

**b. Personally Identifiable Information.**

*Plaintiff's position:* The proposed definition of PII is overbroad. Names are not the type of sensitive PII that need to be protected from public view. *See* 48 C.F.R. § 3002.01 (providing examples of "stand-alone PII" that DHS considers sensitive). The names of government employees should not be shielded from disclosure in a case challenging the legality of their conduct. Additionally, Defendants' proposed term "other financial information" is vague and lacks any readily understood definition.

*Defendants' position:* Defendants' PII provision expressly provides that any PII should be deemed confidential. If this provision was modified, then the alternative would be a lengthy redaction and review process that would slow discovery. PII is universally protected from unauthorized disclosure or sharing in litigation without appropriate safeguards and redactions. CBP and ICE are both listed on the Office of Personnel Management's Sensitive/ Security Agency list which restricts information that can be shared. Certain personnel, like ICE special agents and U.S. Border Patrol Agents, receive additional protections. DHS's stance on PII accords with this designation and broader Government position.

**c. Law Enforcement Sensitive Information.**

*Plaintiff's position:* Once again, the proposed definition is overbroad. Allowing the government to shield information from disclosure by designating it as "sensitive" or "tactical" upsets the presumption in favor of open court proceedings. This case is about government agents raiding construction sites, not the tactical plans of the military or even SWAT units. Plaintiff's proposed definition still allows the government to shield truly sensitive information that would actually compromise investigations or national security but will be much less susceptible to the over-designation of information that is relevant to the policies at issue in this case.

*Defendants' position:* We cannot agree to the striking of the LES provisions. The LES provision is not being sought to shield LES information from discovery, but from that sensitive information being disclosed to the public. These provisions are necessary to protect any materials or information that may become discoverable. To the extent that designated LES documents are protected from disclosure in this action, a privilege log will be produced upon a reasonable request for the same and pursuant to the Rules of Procedure.

**d. Confidential Government Personnel Information**

*Plaintiff's position:* Again, the identities of public employees working in public roles for government agencies are not confidential. Defendants have identified no specific threat or need to keep confidential the identity of the officers carrying out the policies at issue in this case. Accordingly, the presumption in favor of open court proceedings must govern unless Defendants can show an overriding need to justify sealing any specific records.

*Defendants' position:* This paragraph tracks with the protections previously identified to LES information, but also for operational security needs which are outside the scope of discovery. To the extent these materials are sought, or become relevant, this information or material should be protected from disclosure.

**3. Confidential Attorneys' Eyes Only Information.**

*Plaintiffs' position:* This is a case about immigration raids on construction sites. Plaintiff has already agreed to a swath of confidentiality provisions. Plaintiff's proposed order and this Court's procedures for sealed documents are sufficient to protect any potentially sensitive information. Keeping confidential information from the plaintiff in this case and any experts he hires will put him at a disadvantage in litigation. If the Court agrees, however, that there is a need for an additional designation for Attorneys' Eyes Only Information, that designation should be

subject to challenge and not simply allowed based on the government's "good faith belief" that it is highly sensitive.

Moreover, there is no legitimate basis for the government's threat to withhold information "in whole" unless it gets to designate records as Attorneys' Eyes Only. The government is subject to the same discovery rules as all other litigants. It does not get to simply declare that it is withholding information it deems, in its own view, to be too sensitive to disclose subject to a protective order and this Court's procedures for sealing documents from public view.

*Defendants' position:* This provision dovetails with the previous subparagraph g on page 3. While we do not know what allegations an amended pleading may contain, if for example, there is information that becomes discoverable relating to operational matters, there could be a situation in which counsel would have the ability to receive and review information covered by subparagraph g in a non-redacted form. Absent these provisions, Defendants will withhold attorneys' eyes-only information in full. This designation will also permit the sharing of particularly sensitive, but unprivileged, information without redaction, such as the criminal records of third parties.

**4. Designation of Confidential Information.**

*Plaintiff's position:* The party seeking to keep information confidential bears the burden of declaring which provision of the order it is invoking and demonstrating that the information truly is confidential. Defendants' proposed order gives the government too much leeway to simply declare things confidential without any check on its designation. Plaintiff's proposed addition to this paragraph proposes procedures to address that deficiency that will help facilitate the parties' ability to confer over designations and challenge those designations if necessary.

*Defendants' position:* It seems as if what is set forth in Plaintiff's amendment simply seeks a privilege log for confidentiality. Defendants propose that certain documents can be marked "confidential." Such documents will be subject to the confidentially provisions of the protective order and disclosure and dissemination of those designated documents are limited by order. If the confidentially of a document is challenged then the basis for the confidentiality can be disclosed and argued at the time of the challenge. If confidential materials are withheld due privilege, a privilege log will be produced upon a reasonable request for the same and pursuant to the Rules of Procedure.

**5. Use of Confidential Information.**

*Plaintiff's position:* The parties seem to agree that they may inevitably need to rely on confidential information as part of this litigation. In Plaintiff's view, however, it is untenable to require a party to provide the other side 30 days' notice before using such information. When the parties are preparing briefs or oral arguments for this Court, they will not always know more than 30 days in advance what information they will cite. The better course is to file things provisionally under seal so that confidential information is not immediately disclosed to the public while the party seeking to keep that information confidential has an opportunity to overcome the burden in favor of public disclosure and open courts. That is why Plaintiff has attempted to craft a slight modification of this Court's rules for sealing documents. When the party seeking to rely on information designated as confidential is not the same party wishing to keep that information confidential, the burden for requesting that the information remain under seal should remain on the party seeking to overcome the presumption of open access to judicial proceedings. *See United States v. Ochoa-Vazquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (holding that the First Amendment

requires the party seeking to seal documents to overcome the presumption of openness by showing "an overriding interest").

*Defendants' position:* The various amendments proposed by Plaintiff have rendered the process here convoluted and unworkable. We propose that if documents are marked confidential, or if information or testimony is designated confidential, including in a deposition, and a party is seeking to use that information in a public filing or proceeding, that 30 days prior notice should be given. We cannot agree to the language regarding the burden on the parties, that will be handled by the Court. Furthermore, the objection and designation schedule of the 14-day time periods does not contemplate that there could be confidential, or LES information filed under seal that the Court may need to review and consider. In short, the Court should be the gatekeeper, and we agree that if any such designated information or documents is submitted, that L.R. 5.2 should be followed, that the materials be filed under seal, and that we can present arguments to the Court as to whether the confidential designation is appropriate.

**6. Notification Prior to Use.**

*Plaintiff's position:* If information is discussed in open court, that information becomes subject to the presumption in favor of open court hearings and should lose its confidential designation unless the party seeking to keep that information confidential can carry its burden to show why the information should be sealed from public view. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (once information from discovery is used "in connection with pretrial motions that require judicial resolution of the merits," the material becomes "subject to the common-law right" of open access).

*Defendants' position:* Please see our position in paragraph 5 above. There could be situations which could develop where certain information or documents could be reviewable by the Court, but which are not discoverable or for public dissemination.

**7. Class Members' Access.**

*Plaintiff's position:* If a class is certified, those class members are a part of the proceedings and bound by the judgment of the Court. They, too, should be able to view information relevant to this case. Defendants have provided no reason why they should be shielded from viewing information subject to the protective order other than that the government favors less disclosure of information.

*Defendants' position:* We cannot agree that all class members are entitled to confidential information. While we do not know the present scope of discovery due to the fluid nature of the pleadings at this stage, there could be information which all members, or even the putative class designee, could be restricted from accessing.

Dated: October 5, 2026.

*/s/ S. Gaillard Ladd*
S. Gaillard Ladd
Assistant United States Attorney 63
South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7128 Email:
gaillard.ladd@usdoj.gov

Respectfully submitted,

*/s/ Jared McClain*
Jared McClain (DC Bar No. 1720062)*
Jaba Tsitsuashvili (DC Bar No. 1601246)*
Joshua Windham (NC Bar No. 51071)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jmcclain@ij.org
**Admitted Pro Hac Vice*

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing JOINT MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Jared McClain
Jared McClain (DC Bar No. 1720062)