**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| LEONARDO GARCIA VENEGAS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:25-cv-397-JBN |
| v. | ) | |
| | ) | |
| TOM HOMAN, WHITE HOUSE BORDER CZAR, | ) | |
| IN HIS OFFICIAL CAPACITY, ET AL. | ) | |
| | ) | |
| *Defendants*. | ) | |

---

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD FTCA CLAIMS & IDENTIFY DOE DEFENDANTS**

---

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and Local Rule 15, Plaintiff Leonardo Garcia Venegas respectfully submits this motion for leave to amend his complaint to add his now-ripe FTCA claims against the United States and to name the now-identified Doe Defendants for Counts V–IX, relating to Leo's false arrest on May 21. As he explains in more detail below, this motion is time sensitive.

**BACKGROUND**

Leo filed this lawsuit to seek redress against the government agencies, officials, and individuals responsible for violating his civil rights when five federal officers raided his worksites on May 21 and June 12, 2025. Given the circumstances, Leo did not learn the officers' identifies, so he named them as Doe Defendants in his complaint. Leo's complaint also included placeholder Federal Tort Claims Act claims, noting that he planned to amend his complaint to add the FTCA claims once they became ripe. (ECF 1 at nn. 42–48).

On January 29, 2026, Defendants moved to dismiss Leo's placeholder FTCA claims, arguing that it would be improper to amend his complaint to add those claims once they became ripe. (ECF 55). This Court rejected Defendants' position on July 2, 2026, recognizing that Leo "has not yet asserted any FTCA claims" and Defendants could move to dismiss those claims after Leo has asserted them. (ECF 101 at 2).

For the past year, Leo has been working to identify the Doe Defendants. (ECF 50, 52, 64, 70). As Leo has noted in past filings, his hope has been to identify all five Doe Defendants in time to file one amended complaint that added their names at the same time he added his FTCA claims against the United States. (ECF 75 at 5). The government denied Leo's FTCA claims on April 15, triggering a six-month window in which Leo can raise his FTCA claims that runs on October 15. *See* 28 U.S.C. § 2401(b).

To date, though, Defendants have provided only the names of the officers from the May 21 raid and refused to name the officers from the June 12 raid. This Court granted Leo leave to propound two discovery requests to identify the remaining Does on June 15, 2026, and urged the parties to confer in good faith before seeking the court's intervention. (ECF 100 at 2). Consistent with this Court's order, Leo propounded those two discovery requests and has met and conferred with Defendants' counsel about the scope of those requests. Leo reiterated that Defendants do not even need to produce any records, just the officers' names. But Defendants' position has remained that they will not respond to any discovery requests—even by merely providing the officers' names—until a protective order is in place. But negotiating a protective order with Defendants then dragged on for months

until the parties finally filed a joint motion with competing protective orders on October 5, 2026. (ECF 109).

All this time, while Defendants have refused to identify Does 4 and 5 or respond to Leo's discovery requests, the six-month statute of limitations on his FTCA claims has nearly expired. So, on October 6, Leo sought Defendants' consent to file an amended complaint that (1) adds his FTCA claims against the United States and (2) adds the names of Does 1, 2, and 3. These minimal changes are shown in a redline attached to this filing.

Defendants, however, refused to consent to Leo's amendments because there is not a protective order in place. One of Defendants' positions with respect to the protective order is that the "full legal names" of all government employees "should be confidential." (ECF 109, at 2). That position, apparently, means that Defendants even oppose Leo identifying specific officers in his lawsuit against those very officers based on their misconduct in carrying out their public duties. Because Defendants will not consent to Leo's amendments, Leo has filed this motion for leave.

**LEGAL BASIS**

Rule 15(a) directs that courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). When a party seeks leave to amend before the deadline in the court's scheduling order, Rule 15(a)'s liberal standard governs. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). That liberal standard "severely restricts" a district court's discretion to deny leave to amend a complaint. *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). Absent things like bad faith or a showing of undue

prejudice to the defendants, leave should be "freely given." *Hargett v. Valley Fed Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995) (citation omitted).

Granting Leo leave to amend is in the interest of justice and judicial efficiency. Leo has ripe FTCA claims against the United States based on the exact same nucleus of facts as his tort claims against the individual officers. He simply needs to replace the placeholder paragraphs with actual claims. Leo can either add his FTCA claims by amending his complaint or by filing a new complaint and seeking to consolidate the cases. Forcing Leo to take the long way does not serve anyone's interests and would only create unnecessary work for the Court and the parties.

Justice also requires granting Leo leave to name the Doe officers as defendants. Despite DHS's remarkable position that all government employees' names are confidential, parties routinely sue government employees by name. In fact, Rule 10(a) "requires a complaint to 'include the names of all the parties.'" *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (per curiam) (quoting Fed. R. Civ. P. 10(a)). "Lawsuits are public events." *Id.* Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved, including the identity of the parties." *Id.* Only in an "exceptional case" can a party's name be withheld from the public. *Id.* And that bar is even higher for public employees since their employment "diminishes their privacy interests" given "the corresponding public interest in knowing how public employees are performing their jobs." *Stern v. FBI*, 737 F.2d 84, 92 (D.C. Cir. 1984); *see also Sun-Sentinel Co. v. U.S. Dep't of Homeland Sec.*, 431 F. Supp. 2d 1258, 1274 (S.D. Fla. 2006), *aff'd sub nom. News-Press v. DHS*, 489 F.3d 1173

(11th Cir. 2007) ("This Court is hard pressed to understand how revealing that an individual works for a government contractor would constitute an invasion of privacy.").

This case is not exceptional. The individual defendants are public employees being sued for their public jobs that they carry out in public. Indeed, videos depicting these officers arresting Leo have already been played in open court before members of the media and one video has been viewed over a million times online. *See,* Ed Krassenstein, X.com (May 24, 2025), https://x.com/EdKrassen/status/1926417360912580848?s=46. Defendants have not even attempted to identify "specific evidence" that they would face a concrete threat of harm "*for their role in this case*." *Farmworker Ass'n of Fla., Inc. v. DeSantis*, 716 F. Supp. 3d 1312, 1324 (S.D. Fla. 2024) (emphasis in original). Bare assertions of officer safety cannot justify closing court proceedings in a lawsuit against public employees. Law-enforcement officers are named in lawsuits all the time. *See, e.g.*, *McLeod v. United States*, 2024 WL 4311531, at *2 (S.D. Ala. Sept. 26, 2024) (Beaverstock, J.) ("[T]he Defendants are employed as follows: [Beau] Bartel is a Deputy U.S. Marshal stationed in the Southern District of Alabama.").

* * *

A final note on timing. The statute of limitations for Leo's FTCA claims runs next Wednesday, October 15, 2026. He recognizes that this motion for leave comes late in the six-month window to sue. If this Court is unable to rule on this motion before October 15, Leo will withdraw this motion, file a separate complaint in this Court raising only his FTCA claims (which he will then move to consolidate with this case), and then file a new motion for leave to amend that focuses exclusively on naming the Doe Defendants.

## CONCLUSION

Leo respectfully requests that this Court grant him leave to file the attached amended complaint.

Dated: October 8, 2026.

Respectfully submitted,

*/s/ Jared McClain*
Jared McClain (DC Bar No. 1720062)*
Jaba Tsitsuashvili (DC Bar No. 1601246)*
Joshua Windham (NC Bar No. 51071)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jmcclain@ij.org
**Pro Hac Vice*
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, I filed this Plaintiff's Motion for Leave to Amend to Add FTCA Claims & Identify Doe Defendants through the CM/ECF system, which sent an electronic copy to all counsel or parties of record.

*/s/ Jared McClain*
Jared McClain
*Counsel for Plaintiff*