**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LEONARDO GARCIA VENEGAS,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION NO. 1:25-00397-JB-N** |
| | **)** | |
| **TOM HOMAN, *White House Border Czar, in his official capacity, et al.*,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

# PROTECTIVE ORDER

This civil action is before the Court on the parties' "Joint Motion for Protective Order" filed October 5, 2026 (Doc# 109).[1] Though labeled a joint motion, it actually sets out several areas of disagreement regarding various provisions to be included in the protective order, and each side has submitted a separate proposed order. Upon due consideration, the undersigned agrees with the Defendants' position on each area of disagreement, and will enter the Defendants' proposed protective order as an order the Court with minor, non-substantive alterations.

Accordingly, for the purpose of protecting the privacy of persons who are not involved as parties in this case against the unprotected disclosure of personal information pertaining to them in accordance with the provisions and objectives of

---

[1] The assigned District Judge referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/5/2026 electronic reference notation).

the Privacy Act (5 U.S.C. § 552a), and to expedite the flow of discovery material between the parties, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect personally identifiable information and law enforcement sensitive information entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), the following is **ORDERED**:

1. **Confidential Information.** Pursuant to this Protective Order, any party may designate certain information, whether contained in documents or testimony, as "Confidential" and subject to the terms of this Protective Order. Such designation is permitted only upon a good-faith assertion that the designated information satisfies at least one of the following criteria:

   a. Information subject to the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306 or other privacy protections, e.g., medical records or protected health information;

   b. Confidential personnel information of current and former employees of the Defendant or of any third-party witnesses, including but not limited to phone numbers and email addresses;

   c. *Personally Identifying Information* (PII), including but not limited to, names, dates of birth, Social Security Numbers, alien registration numbers ("A numbers"), home addresses, email addresses, bank account numbers and other financial

information, passport numbers, driver's license numbers, and telephone numbers;

d. *Law Enforcement Sensitive Information* (LES), including but not limited to,

   i. Government records that might contain tactical and other information related to law enforcement activities not made available by the Government to the general public that could be adversely used to circumvent law enforcement efforts;

   ii. Sensitive information about the relevant agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence, and/or methods, which is confidential and should not be released to the public;

   iii. information not proper for public dissemination, including but not limited to, topics such as public safety, health, and criminal records; and,

   iv. information that the exemption found at 5 U.S.C. § 552(b)(7)(E) protects from disclosure.

e. Information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

i. applications for Temporary Protected Status under 8 C.F.R. § 1254a; and

ii. Information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), 15(U), (51) or 1229b(b)(2);

f. Any other information that is protected or restricted from disclosure by court order, statutes, rules, or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21,1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject a party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; and

g. Confidential government personnel information, including the names, job titles, identifying numbers, duty locations, or other identifying information of federal employees or contractors involved in enforcement operations or custodial functions, where disclosure could pose privacy, safety, or operational concerns sensitive operational information about organizational plaintiffs.

2. **Confidential–Attorneys' Eyes Only Information.** Confidential-

Attorneys' Eyes Only Information shall mean Confidential Information that at the time of its production in discovery in this action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Paragraph 9 below but not identified in Paragraph 10 below would create a substantial risk of harm that could not be avoided by any less restrictive means.

3. **Depositions.** Unless all parties agree on the record at the time a deposition is taken, all deposition testimony taken in this case shall be treated as Confidential for 30 days after the deposition transcript is delivered to any party. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential, and thereafter only those portions identified in the Notice of Designation may be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential. Such designations remain subject to challenge as allowed by this Order.

4. **Designation and Redaction of Material Subject to this Protective Order.** To designate "Confidential" material covered by this Protective Order, the parties shall use the designation "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, 1:25-cv-397, Southern District of Alabama" in one or more of the following places: on the material itself, in an accompanying cover letter identifying the subject document or material by Bates number or other specific designation, on the cover of the disk, CD, or flash drive containing the subject

material, or in a discovery response.

5. **Inadvertent Disclosures.** If a producing party determines that it has inadvertently produced information without designating it Confidential, the producing party shall notify the other parties, and the parties shall work together to correct the inadvertence. A party that receives information it believes should have been designated Confidential shall notify the producing party and treat the information as Confidential until that designation is disavowed by the producing party or rejected by the Court. The receiving party may still challenge the designation as allowed by this Order.

6. **Challenging a Confidential Designation.** A party may challenge the designation of any document or information, in whole or in part, as Confidential. Before filing any motion or objection to a Confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a Confidential designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the challenged material as Confidential.

7. **Use of Confidential Information.** Documents or information marked Confidential in accordance with this Order shall not be disclosed except as provided by this Order and shall be used only in connection with this litigation. If confidential information were to be filed with the Court for any purpose, the party seeking to file

such material must seek permission from the producing party in writing, and the producing party shall have at least 30 calendar days to review and redact information before the receiving party may file unless such information is filed under seal. This Order does not entitle the parties to file material subject to this Order under seal. Rather, S.D. Ala. GenLR 5.2 sets forth the procedures that must be followed and the standards that will be applied when a party wishes to file material subject to this Order under seal.

8. **Notification Prior to Use.** Counsel for the parties agree to advise one another prior to the commencement any hearing, proceeding, or trial if they expect to introduce any confidential information through depositions, documents, or testimony so that, if necessary, appropriate protections can be sought from the Court to protect continued confidentiality of the material. In the event any confidential material is used in any Court proceeding, hearing, or trial, it shall not lose the confidential status conferred via this Order through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

9. **Limited Disclosures of Confidential Information.** Access to confidential information produced subject to this Protective Order and designated as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, 1:25-cv-397, Southern District of Alabama" shall be specifically limited to:

a. the Court and its officers and personnel;

b. the named parties to this lawsuit;

c. counsel to the parties, including persons regularly employed by

counsel;

d. independent experts who are consulted or who are expected to testify at trial who agree to be bound by this Protective Order and have signed a declaration in the form attached as “Attachment A”;

e. any independent document reproduction services, data recovery services, or database services who agree to be bound by this Protective Order and have signed a declaration in the form attached as “Attachment A”; and

f. any other persons specifically designated by court order or agreement of the parties.

10. **Highly Restricted Disclosure of Confidential-Attorneys' Eyes Only Information.** The parties agree that all material marked Confidential–Attorneys’ Eyes Only Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

a. counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b. retained expert witnesses and consultants who are employed or

retained by a party in connection with this action, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Attachment A." Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

c. witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

d. this Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

e. court reporters, videographers, interpreters, and their staff; and

f. any other person agreed to by the parties who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A."

11. **Class Action Protections.** In this putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class. If a class is subsequently certified, Confidential Information may not be disclosed to certified class members unless this Protective

Order is modified pursuant to Paragraph 13 below.

12. **Public Access.** The parties, and their counsel, shall take all reasonable steps necessary to protect against the disclosure, whether inadvertent or otherwise, of confidential information to the public or through public computer access. Efforts should be made to conceal personal identifying information by redaction and to use password protections on electronically stored documents marked as Confidential pursuant to this Order.

13. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking a modification of this Protective Order, from redacting irrelevant PII, or from objecting to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than confidentiality or personal privacy.

14. **Disclosures Pursuant to the Freedom of Information Act.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to produce designated confidential documents to a third party that are otherwise subject to disclosure in response to a request pursuant to the Freedom of Information Act. Prior to any such disclosure of documents designated as confidential, the United States shall specifically consider the applicability of the Freedom of Information Act to the designated confidential documents in light of Section 552(b)(6) of that Act. If the United States does not intend to object to disclosure pursuant to the Freedom of Information Act, it will use reasonable efforts to promptly notify the party that originally produced the documents and allow the producing party 10 days to file an objection prior to producing the requested

documents pursuant to the Freedom of Information Act.

15. **Disposition of Confidential Information.** Documents containing Confidential Information that were never publicly disclosed, on the Court' docket shall be returned to the United States Attorney's Office for the Southern District of Alabama or destroyed within 30 days of the conclusion of this litigation, including any appeals. In the event that documents or information designated as Confidential are destroyed in lieu of being returned, written confirmation of the destruction of materials shall be provided to the United States Attorney's Office for the Southern District of Alabama, Civil Division.

16. **No Waiver.** Nothing herein shall be construed as a waiver by any party of any evidentiary objections which the party may assert concerning the discoverability, relevance, or admissibility into evidence of any documents or information disclosed or produced under the terms of this Protective Order.

**DONE** and **ORDERED** this the **30th** day of **October 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**EXHIBIT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated ____________________ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Alabama in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, 1:25-cv-397, Southern District of Alabama" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**Name:** ______________________________

**Job Title:** ______________________________

**Employer:** ______________________________

**Business Address:** ______________________________

______________________________

______________________________

______________________________

**Date:** ____________________ ______________________________

**Signature**