**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | |
|---|---|
| LEONARDO GARCIA VENEGAS,<br><br>*Plaintiff*,<br><br>v.<br><br>TOM HOMAN, WHITE HOUSE BORDER CZAR, IN HIS OFFICIAL CAPACITY, ET AL.,<br><br>*Defendants*. | Case No. 1:25-cv-397-JB-N |

**PLAINTIFF'S OBJECTIONS TO THE PROTECTIVE ORDER (ECF 121)**

On October 5, 2026, the parties jointly sought a protective order. Although they agreed to the entry of a protective order, Plaintiff Leonardo Garcia Venegas disputed seven provisions in Defendants' proposed order. *See* Joint Motion (ECF 109). To resolve those disputes, the parties' joint motion set out each side's position on the seven disputed provisions.

Judge Nelson issued an order on October 30, 2026, which "agree[d] with the Defendants' position on each area of disagreement" and "enter[ed] Defendants' proposed protective order as an order of the Court with minor, non-substantive alterations." Protective Order (ECF 121) at 1. But the order did not explain why it sided with Defendants on every issue or how Defendants' threadbare, conclusory arguments satisfied Federal Rule of Civil Procedure 26(c)'s good-cause standard. Because Defendants did not show good cause, and because the resulting order is unreasoned, unduly burdensome, and unworkable, Leo objects under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).

### The Legal Standard

Rule 26(c) allows a protective order only if "'good cause'" is shown and the court has balanced the parties' interests. *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989) (quoting Fed. R. Civ. P. 26(c)). Under the good-cause standard, the party who wants to keep confidential information related to a lawsuit "bears the burden of showing specific prejudice or harm will result" if the information is revealed. *Huddleston v. Bowling Green Inn of Pensacola, LLC*, 333 F.R.D. 581, 584 (N.D. Fla. 2019); *see also Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) (explaining that the Court should balance the non-moving party's interests in obtaining information and preparing for trial "against the moving party's proffer of harm"). Demonstrating good cause requires "a particular and specific demonstration of fact" to show that prejudice or harm will result from revealing the information. *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 766 (11th Cir. 2024). "[S]tereotyped and conclusory statements" are not enough. *Id.* Nor is general evidence that similarly situated people have faced harm in the past. *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247–48 (11th Cir. 2020).

If the moving party makes Rule 26(c)'s specific showing, the court has discretion to enter a protective order. Before doing so, however, the "court must articulate its reasons for granting a protective order sufficient for appellate review." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987); *cf. United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) ("And even though our review is only for abuse of discretion, the district court must still provide this Court with enough explanation in order to determine whether such an abuse has occurred.").

Because the October 30 protective order resolves a non-dispositive discovery dispute, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). An order is contrary to law when it fails to apply or misapplies the governing legal standard. *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008). That is what happened here. Entering disputed provisions unsupported by a specific showing of good cause, and without providing a rationale sufficient for review, is a failure to apply Rule 26(c), not a judgment call entitled to deference.

**The October 30 Protective Order**

Judge Nelson's wholesale adoption of Defendants' positions violates Rule 26's good-cause standard for two reasons. *First*, Defendants offered only general, conclusory statements to support their preferred provisions. *Second*, the order lacked a reasoned explanation for siding with Defendants on every disputed issue. While the Court can correct the second error by articulating a reasoned basis, the first error requires the Court to remove the provisions that Defendants failed to support with a showing of good cause. Leo's objections address five of the seven disputed provisions from the joint motion.

**1. The term "publicly available"**

The parties' joint motion disputed whether the protective order could cover information that Defendants assert is "confidential" even though it is already publicly available, whether in news reports or published through leaks or whistleblowers. Leo explained that nothing justifies restricting his ability to discuss information already in the public domain. ECF 109 at 1. On the contrary, it would require Leo to refrain from

discussing matters of public interest, already in the public discourse, merely because he also received the publicly available information in discovery. Defendants' only response was that they may designate material as confidential unless they themselves have made it public. *Id.* at 1–2. That is an assertion of authority, not a showing of good cause, and the Court articulated no reason for restricting information already in the public domain.

**2. Scope of Confidential Information**

**a. Confidential Personal Information, PII, & Confidential Government Personnel Information**

In seeking this protective order, Defendants baldly asserted that the names "of current and former employees in the federal government, and any third-party witness, *should* be confidential" along with "job titles" and "other identifying information" of government employees or contractors. ECF 109 at 2; ECF 121 ¶ 1(b), (c), (g) (emphasis added). Their only justification for such a broad rule was a vague assertion that "[c]ertain operational information concerning the agencies and personnel, if disclosed, have a significant potential of causing harm to unintended third parties." ECF 109 at 2. Such conclusory statements do not show good cause. *See Stansell*, 120 F.4th at 766. Defendants offered no specific facts showing what harm would result from disclosing the names of witnesses and government employees. Government employees, in particular, have "diminishe[d] … privacy interests" given "the corresponding public interest in knowing how public employees are performing their jobs." *Stern v. FBI*, 737 F.2d 84, 92 (D.C. Cir. 1984); *see also Sun-Sentinel Co. v. DHS*, 431 F. Supp. 2d 1258, 1274 (S.D. Fla. 2006), *aff'd sub nom. News-Press v. DHS*, 489 F.3d 1173 (11th Cir. 2007) ("This Court is hard pressed to understand how revealing that an individual works for a government contractor would

constitute an invasion of privacy."). Defendants' bare assertion in favor of keeping all names confidential fell well short of what the Eleventh Circuit requires. *See Stansell*, 120 F.4th at 766; *see also In re Chiquita Brands*, 965 F.3d at 1247–48 (reasoning that general evidence of past threats against other human-rights defenders was insufficient, and that temporal proximity alone did not tie the attack on the plaintiff's family to her role in the lawsuit).

Yet Judge Nelson's protective order adopted Defendants' unsupported position that all names and job titles are confidential, without articulating any rationale. So even if Defendants had shown good cause (they did not), the order would still be error.

**b. Law Enforcement Sensitive Information**

Defendants sought to protect information deemed "law enforcement sensitive" during discovery. Leo did not dispute that some law-enforcement information may be too sensitive to disclose publicly. But he argued that Defendants' proposed definition was overbroad and invited over-designation of information that would not actually compromise investigations or national security. ECF 109 at 3. Defendants offered no reason why such a broad definition was needed; they simply asserted that the provisions are "necessary to protect any materials or information that may become discoverable." *Id.* at 4.

Again without explanation, Judge Nelson adopted Defendants' position, making confidential any government record that "*might* contain tactical and other information related to law enforcement activities not made available by the Government to the general public that *could* be adversely used to circumvent law enforcement efforts," any

"[s]ensitive information about the relevant agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence, and/or methods," and any "information not proper for public dissemination." ECF 121 ¶ 1(d)(i)–(iii) (emphasis added). As Leo argued in the joint motion, these definitions invite over-designation. Nearly every document Defendants produce about the raids at issue *might* relate to law-enforcement activities that the government has not made public and, at least theoretically, *could* be used to circumvent enforcement efforts. The agencies' "staffing" and "priorities," meanwhile, go to the heart of the policies this case challenges. Accordingly, the order's definition could capture most of what's in Defendants' possession.

Defendants have not carried their burden to justify such sweeping protections, and the definitions will likely force the parties to constantly litigate the propriety of Defendants' designations, burdening both the parties and this Court. As the party seeking to keep documents confidential, Defendants had to show there's a good reason to believe that revealing information will actually jeopardize law-enforcement efforts—not merely that the information might relate to those efforts.

**3. Use of Confidential Information**

Judge Nelson also adopted, without explanation, Defendants' proposed provision that requires a party to seek the producing party's written permission and then wait at least 30 days before filing confidential information, unless the material is filed under seal. ECF 121 ¶ 7. Defendants offered no showing that good cause or the balance of interests supports this provision; they merely said that "the Court should be the gatekeeper." ECF 109 at 7. As Leo explained, this notice provision is impractical because the parties won't

always know more than 30 days in advance what information they will rely on in their briefing. ECF 109 at 6. A 30-day warning is unduly burdensome however the Court resolves Leo's objections. If this Court limits the scope of confidential information in response to Leo's objections, requiring 30 days' notice would force Leo to preview his litigation strategy before Defendants have submitted their briefing. And if the Court does *not* limit the scope of confidential information, then the notice serves no real purpose given that the extreme breadth of the current protective order permits Defendants to label almost everything "confidential," including any document with someone's name. In short, the provision does not fit the realities of litigation. That's why at least one court has found that even a 14-day notice period is too long for "the exigencies of litigation." *See E3 Biofuels, LLC v. Biothane Corp.*, No. 1:12-MC-76, 2013 WL 3778804, at *11 (S.D. Ohio July 18, 2013) (adopting "a 7-day notice period in lieu of a 14-day notice period"). Those same exigencies, at a minimum, call for a much shorter notice period here.

**4. Notification Prior to Use & Protected Status in Court**

The order also requires the parties to give notice before using any confidential item in open court. And once used in court, that material "shall not lose the confidential status conferred via this Order through such use," and the parties must "take all steps reasonably required to protect its confidentiality during such use." ECF 121 ¶ 8. Defendants' only argument for this restriction was that "[t]here *could* be situations which *could* develop where certain information or documents *could* be reviewable by the Court, but which are not discoverable or for public dissemination." ECF 109 at 8 (emphases added). This string

of hypothetical "coulds," without any specificity, does not meet the good-cause standard and cannot overcome the presumption in favor of open court hearings.

"Lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (per curiam). By presuming information used in open court should remain confidential, this provision also flouts "the common-law right" of open courts under which discovery material becomes subject to public access once it's filed "in connection with pretrial motions that require judicial resolution of the merits," let alone once it's used in open court. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)); *see also id.* ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.").

Moreover, like the provision requiring notice before filings, this provision is also unduly burdensome. The non-producing party must not only give notice but also take precautions against revealing "confidential" information in open court, even when that information is relevant to his claims. While the preliminary-injunction hearing showed that the parties can easily redact PII like addresses and alien numbers, that process will become particularly onerous given the breadth of what Defendants are permitted to deem "confidential" under the current protective order. No showing of good cause supports this burdensome restriction on the information discussed in open court, and the order identified none.

**5. Class Members' Access**

Finally, the parties disputed whether discoverable information should be kept confidential from class members. The order bars disclosure to every class member except Leo, even after a class is certified, unless the order is later modified. ECF 121 ¶ 10. Because class members are part of the proceedings and bound by the Court's judgment, Leo argued that they should be free to review all the records obtained during discovery (unless limited to attorneys' eyes only). ECF 109 at 8. He pointed out that Defendants provided no reason to exclude class members, and Defendants' only retort was that they "cannot agree" because "there could be information which all members, or even the putative class designee, could be restricted from accessing." *Id.* Once again, this falls far short of a specific showing of good cause. The mere possibility that *some* information *could* warrant restriction is no reason to bar class members from everything Defendants designate under the protective order. And Judge Nelson's order articulated no reason for adopting Defendants' broad position.

## Conclusion

The Court should sustain Leo's objections and modify the protective order to (1) exclude publicly available information from protection; (2) limit the scope of information that can be deemed confidential by (a) removing the names and job titles of government employees, contractors, and third-party witnesses from the categories of confidential information, and (b) limiting the definition of Law Enforcement Sensitive information; (3) eliminate the advance-notice requirement for court filings or shorten it to seven days; (4) strike the requirement that confidential material keep its protected

status after it is used in open court; and (5) allow class members to review discovery not designated attorneys' eyes only. At a minimum, however, the Court should articulate its reasons for adopting any of Defendants' positions.

Respectfully submitted,

*/s/ Jared McClain*
Jared McClain (DC Bar No. 1720062)*
Jaba Tsitsuashvili (DC Bar No. 1601246)*
Joshua Windham (NC Bar No. 51071)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jmcclain@ij.org
**Admitted Pro Hac Vice*

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing PLAINTIFF'S OBJECTIONS TO THE PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Jared McClain
Jared McClain (DC Bar No. 1720062)