**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | |
|---|---|
| **LEONARDO GARCIA VENEGAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOM HOMAN, White House Border Czar, in his official capacity, et al.**<br><br>**Defendants.** | **Civil Action No. 1:25-cv-00397-JB-N** |

**DEFENDANTS' MOTION TO EXTEND THE TIME TO APPEAL**

All defendants respectfully move for a 30-day extension of the deadline to file a notice of appeal from this Court's stay and class certification orders, entered on September 21, 2026. [Docs. 106, 107]. This Court found previously that Leonardo Garcia Venegas alleged three policies with respect to immigration enforcement on worksites and entered a stay of those alleged policies along with preliminary class certification. The defendants have sought reconsideration of those rulings, and their motion for reconsideration remains pending. [Doc. 114]. Hence, the defendants seek this extension to protect their rights to appeal and to preserve this Court's jurisdiction to rule on the motion for reconsideration.

The United States, its agencies, and its employees generally may file a notice of appeal within 60 days of the entry of an appealable order. Fed. R. App. P. 4(a)(1)(B). Certain motions for reconsideration may extend this deadline, but others do not. *Id.* at 4(a)(4). By the defendants' calculations, a notice of appeal would be due by November 20, 2026. This Court may extend the deadline for either good cause or excusable neglect. *Id.* at 4(a)(5)(A). A notice of appeal generally

divests this Court of further jurisdiction, except to aid in the appeal. *See United States v. Taylor*, 152 F.4th 1297, 1308 (11th Cir. 2025) (recognizing the general rule that a notice of appeal divests a district court of jurisdiction).

The defendants intend to file a protective notice of appeal while the Department of Justice decides whether to appeal this Court's stay and class certification rulings. At present, the defendants intend to submit a notice of appeal before that date to avoid any argument by Venegas that the appeal is untimely. As such, there is some risk that the submission of the notice of appeal could affect the Court's jurisdiction to resolve the United States' motion for reconsideration.

Accordingly, the defendants move for a 30-day extension of the deadline to submit a notice of appeal or, alternatively, a ruling on the pending motion for reconsideration prior to November 20, 2026. The defendants submit that the pending motion constitutes good cause to extend the deadline. Fed. R. App. P. 4(a)(5)(A). Counsel contacted Venegas's counsel and understands that Venegas opposes any extension. Nonetheless, the defendants note that a motion may be decided *ex parte* if, as here, the party filed the motion prior to the extension of the deadline. *Id.* at 4(a)(5)(B). The defendants have not filed this motion *ex parte* but submit that Venegas's opposition should not be dispositive. Hence, the defendants move for a 30-day extension of the time to appeal.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: *s/ S. Gaillard Ladd*
S. Gaillard Ladd
Assistant United States Attorney
11 N. Water Street, Suite 30100
Mobile, Alabama 36602
Telephone: (251) 415-7135
Email: Gaillard.Ladd@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that, on November 18, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*s/ S. Gaillard Ladd*
S. Gaillard Ladd
Assistant United States Attorney